1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding Street, East Wing, Ninth Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

5  Attorneys for Defendants
   JOHN G. VARTANIAN, III AND
6  MARY MURPHY

7

8                 UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10

11 CLIFFORD M. GOVAERTS,              )   USDC Case No. **C08    00125**
                                      )
12        Plaintiff,                  )   Superior Court Case No. 1-07-CV-095874 **PVT**
                                      )
13 v.                                 )   **NOTICE OF REMOVAL OF ACTION**
                                      )   **FEDERAL QUESTION - 28 U.S.C § 1441(b)**
14 SANTA CLARA COUNTY                 )
   DEPARTMENT OF CHILD SUPPORT        )
15 SERVICES; MARY MURPHY, ATTY;       )
   JOHN G. VARTANIAN, III, COUNTY     )
16 OF SANTA CLARA; MELODY             )
   GRANDELL; AND DOES 1-10.           )
17                                    )
          Defendants.                 )
18 _____  )

19 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE that Defendants John Vartanian and Mary Murphy hereby

21 remove to this Court the state court action described below.[1]

22        1.    On October 5, 2007, Plaintiff filed an action in the Superior Court for the State of

23 California in and for the County of Santa Clara entitled *Clifford M. Govaerts vs. Santa Clara*

24

25 _____

26 [1] Defendant County of Santa Clara has not yet been served with this action, but will be
   represented by the undersigned once service is effected. The Department of Child Support
27 Services is a County Department without the capacity to be sued and has been erroneously
   named as a Defendant. Defendant Grandell is Plaintiff's ex-wife. The Superior Court docket
28 sheet for this matter does not reflect any appearance on her behalf and it is unknown whether
   Plaintiff ever served her with a summons and complaint.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Notice of Removal of Action                1                Superior Court Case No. 1-07-CV-095874

1    *County Dept of Child Support Services et al.* Case No. 1-07-CV-095874. Plaintiff did not serve

2    that original complaint. That complaint alleged common law state tort claims: intentional

3    infliction of emotional distress, negligent infliction of emotional distress, malicious prosecution,

4    and breach of fiduciary duty. That complaint was not served at that time upon defendants. True

5    and correct copies of that complaint and summons is attached hereto as Exhibit A.

6       2.    On December 4, 2007, Plaintiff Govaerts filed a First Amended Complaint adding a

7    claim arising under federal law: 42 U.S.C. § 1983. A true and correct copy of that First

8    Amended Complaint is attached hereto as Exhibit B.

9       3.    Plaintiff left a copy of the First Amended Complaint in the lobby of the County

10    department where Defendants Vartanian and Murphy work and made a request that they agree

11    to accept service by notice of acknowledgment and receipt.

12       4.    On January 7, 2008, Deputy County Counsel Marcy L. Berkman executed a notice of

13    acknowledgment and receipt on behalf of Defendants Vartanian and Murphy. True and correct

14    copies of that notice is attached hereto as Exhibit C.

15       5.    This action is a civil action of which this Court has original jurisdiction under 28

16    U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the

17    provisions of 28 U.S.C. § 1441(b) in that it alleges a cause of action arising under 42 U.S.C.

18    section 1983 for violation of plaintiff's constitutional rights.

19       6.    Plaintiff's claims arise from his allegations that Defendants efforts to enforce an

20    allegedly excessive amount of child support payments from Plaintiff Govaerts violated

21    Plaintiff's constitutional rights. Plaintiff filed the civil action which is hereby removed in the

22    Santa Clara County Superior Court. Accordingly, assignment is appropriate to the San Jose

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

1   Division of the United States District Court for the Northern District of California.

2   Dated: January 7, 2008                          Respectfully submitted,

3                                                   ANN MILLER RAVEL
                                                    County Counsel

4

5                                        By: _____
                                                    MARCY L. BERKMAN

6                                                   Deputy County Counsel

7                                                   Attorneys for Defendants

8                                                   JOHN G. VARTANIAN, III AND
                                                    MARY MURPHY

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28      108579.wpd

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

NOTICE TO DEFENDANT: *County of Santa Clara department*
(AVISO AL DEMANDADO): *of Child Support Services, Mary Murphy,*
*John G. Vartanian III, Santa Clara County,*
*Melosa Grandell*

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

*Clifford M. Govaerts*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

2007 OCT -5  P 3: 59

KIKI SIERRA CLERK OF COURT
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SANTA CLARA

BY: _____ A. Ilas

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es)

Superior Court Of Santa Clara County
191 N. First Street
San Jose, CA 95113

CASE NUMBER:
(Número del Caso) **107 C V 0 9 5 8 7 4**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

DATE: OCT 0 5 2007
(Fecha)

Clifford M. Govaerts, *708, -253-1921*
P.O Box 2294
Cupertino, CA 95015

Clerk, by _____ A. Ilas _____, Deputy
(Secretario)                                    (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

**EXHIBIT A**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

CLIFFORD M. GOVAERTS, SBN 073624
P.O. BOX 2294
CUPERTINO, CA 95015
TELEPHONE: (408) 253-1921
FAX: (408) 877-1649
Pro per

ENDORSED

2001 OCT -5 P 3: 59

BY_____ A. Ilas

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

CLIFFORD M. GOVAERTS )
             Plaintiff )
                        )
        vs.             )
                        )
Santa Clara County Department of )
Child Support Services; )
Mary Murphy, Atty; )
John G. Vartanian, III, )
County of Santa Clara; )
Melody Grandell; and )
Does 1-10 )

No. ___ 107CV095874

COMPLAINT FOR MONEY DAMAGES

Personal Injury and Fiduciary Breach
(Damages exceed $25,000)

First Cause of action- Negligent Infliction of Emotional Distress:

Plaintiff alleges:

    1. Defendant Santa Clara County Department of Child Support Services is, and at all times mentioned herein was, a public entity, duly organized and existing under the laws of the State of California.

    2. At all times mentioned herein, defendants Mary Murphy, Atty and John G. Vartanian, III are employees of defendant Santa Clara County Department of Child Support Services and in doing the acts hereinafter described, acted within the course and scope of his or her employment. It is believed and therefore alledged that Defendant John G. Vartanian, III is the supervisor of Defendant Mary Murphy, Atty .

    3. Defendant Melody Grandell is Plaintiff's former spouse and a resident of Santa Clara County, the County where the underlying Child Support Order and Action in this matter arose.

Govaerts v. Santa Clara County  et al COMPLAINT FOR MONEY DAMAGES

4. Defendant County of Santa Clara is, and at all times mentioned herein was, a county duly organized and existing under the laws of the State of California and is responsible for the management and supervision of some or all of the other public entities or public employees whose acts are hereinafter described.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by that negligence.

6. At all times herein mentioned, defendants DOES 1-10    , inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

7. Defendant Mary Murphy, in connection with an ongoing child support modification conflict between plaintiff and Defendant Melody Grandell, on or about June 2006, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a member of the California State bar, Rule of Professional Conduct 5-200 (A) and (B) to present matters truthfully and not to mislead the judicial officer.   Ms. Murphy  knew or should have know that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000.

8. Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI.

9. As a result of her ethical duty, and the commitment of her employer, Defendant Santa Clara County Department of Child Support Services's expressed mission statement to promoter the well-being of families with accurate and timely service, as

2

Govaerts v. Santa Clara County  et al COMPLAINT FOR MONEY DAMAGES

stated in such defendant's marketing materials attached as Exhibit A, Mary Murphy owed a duty of care to plaintiff which she breached by her failure to determine the exact amount of child support due

10. . As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

11. As a further proximate result of the acts alleged above, plaintiff was required to and did employ physicians to examine, treat, and care for plaintiff, and incurred additional medical expenses for hospital bills and other incidental medical expenses. Plaintiff is informed and believes and thereon alleges that plaintiff will incur some additional medical expenses, the exact amount of which is unknown.

12. By reason of the acts alleged above, plaintiff was prevented from continuing his job search and is reaching the end of his COBRA health insurance coverage. . Plaintiff is informed and believes and thereon alleges, that plaintiff was thereby sustain further damages.

13. The acts of defendant Mary Murphy and the failure of all other defendants other than Melody Grandell to supervise Ms. Murphy justify the awarding of damages to Plaintiff.

14. Defendant's actions in misleading the Court as to the amount of Child support due were not part of an action instigated or prosecuted by her as the matter was already pending. Mary Murphy was ,in fact, a mere witness for the Defendant Department of Child Support and as such does not enjoy the normal prosecutorial immunity and as the function her position was to protect children, such immunity is not available as a result of her deceit under Government Code § 820.21

14. Plaintiff was required to comply with the claims statute and has complied. Plaintiff's claim was denied by Defendant County of Santa Clara on April 4, 2007;

3

Govaerts v. Santa Clara County et al COMPLAINT FOR MONEY DAMAGES

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;]

4.For costs of suit herein incurred; and

5.For such other and further relief as the court may deem proper.

**Second Cause of action- Intentional Infliction of Emotional Distress:**

Plaintiff alleges:

1.Plaintiff repeats allegations 1-4 from his First Cause.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants except for Defendant Melody Grandell are responsible in some manner for the occurrences herein alleged, either as a result of their failure to supervise, or for some other reason, and that plaintiff's injuries as herein alleged were proximately caused by that act or omission.

3. At all times herein mentioned, defendants DOES 1-10, inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

4. Defendant Mary Murphy, in connection with the above-described child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to

W

<u>Govaerts v. Santa Clara County et al</u> COMPLAINT FOR MONEY DAMAGES

Plaintiff. Ms. Murphy knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

5. Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI.

6. Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

7. As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

8. As a further proximate result of the acts alleged above, plaintiff has incurred the other special damages set forth above.

9. By reason of the acts alleged above, plaintiff was prevented from continuing his job search and is reaching the end of his COBRA health insurance coverage. Plaintiff is informed and believes and thereon alleges, that plaintiff was thereby sustain further damages.

10. The acts of defendant Mary Murphy and the failure of all other defendants other than Melody Grandell to supervise Ms. Murphy justify the awarding of exemplary and punitive damages to Plaintiff.

11. Plaintiff repeats allegations relative to the claims and immunity argument above.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof.



Govaerts v. Santa Clara County et al COMPLAINT FOR MONEY DAMAGES

3. For lost earnings, past and future, according to proof;

4. Exemplary and punitive damages

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

**Third Cause of action- Malicious Prosecution:**

Plaintiff alleges:

1.     Plaintiff repeats allegations 1-6 from his Second cause of action.

2.     Despite the claim that Plaintiff owed $42,000 in back child support, but only after the suffers of Plaintiff, Defendant Department of Child Support Services ultimately concluded that no back child support existed. See Defendant Department of Child Support Services letter of February 12, 2007. attached as Exhibit B. In response thereto Plaintiff supplemented his claim pending against the County by his letter of February 20, 2007, informing the county of his elevated damages and new causes of action, as shown in Exhibit C attached hereto.

3. Defendants acted without any basis in fact in claiming any amout over $3,000 was due and in their vicious actions to recover such amounts. Defendant Murphy did not honestly, reasonably, and in good faith believe Plaintiff to be guilty of the financial neglect of his daughter. She had no justification in participating in such wrong doing.

4 Plaintiff is informed and believes and therefore alleges that Defendent Melody Grandell wrongfully participated in such conduct. Melody Grandell had no justification in participating in such wrong doing as she knew there was no such deficiency

5. Defendants Murphy and Grandell,. And unknown Does acted maliciously in pursuing Plaintiff for amounts knowingly not due and did so out of an improper motive or purpose, prejudice, or a desire to annoy and wrong Plaintiff to pay an amount of $3,000, which due to his limited income, was ultimately determined not due.

6. As a proximate result of the wrongdoings initiated by Defendant, Plaintiff has been damaged.

6

7. Such misstated claim for back Child Support and harassment to collect such debt were acts by said Defendants which were willful, wanton, malicious and oppressive in that it was, it is believed, in the case of Defendant Mary Murphy, and a policy or customer of Defendant Department of Child Support Services that all dads are deadbeats and none are truly disabled.. This gender bias, it is believed, and the ill will of Melody Grandell, it is believed and therefore alleged, was motivated by hatred of or ill will toward Plaintiff. These acts, and the frail condition of Plaintiff when they occurred, therefore justify the awarding of punitive damages.

7. Plaintiff repeats allegations relative to the claims and immunity argument above.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For general damages according to proof.

2. For punitive damages as permitted by law

3. For costs of suit herein incurred.

4. For such other and further relief as the court may deem proper.

**Fourth Cause of action- Breach of Fiduciary Duty of Attorney due Plaintiff:**
(As Against Defendants Murphy and
Plaintiff alleges:

1. Plaintiff repeats allegations 1-5 from his Second .Cause.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants except for Defendant Melody Grandell are responsible in some manner for the occurrences herein alleged, either as a result of their failure to supervise, or for some other reason, and that plaintiff's injuries as herein alleged were proximately caused by that act or omission.

7

<u>Govaerts v. Santa Clara County  et al</u> COMPLAINT FOR MONEY DAMAGES

3. At all times herein mentioned, defendants DOES 1-10   , inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

4. For such other and further relief as the court may deem proper.

As a result of Defendant's role and position, a balancing of (1) her intended harm to Plaintiff with her knowledge of his emotional condition and health, (2) the degree of certainty that being unemployed and told he owed more he knew he didn't, after being through the "normal traumas" of family breakdowns,. such intended harm was likely (3) the clear violation of rules of professional responsibility, (4) the severity of the harm caused, and (5) the policy of this state and the Count to prevent harm under these situations, case law creates a fiduciary duty between lawyer and third party. See U Biakanja , 49 Cal. 2d. 647, and Adelman v. Associated Internat. Ins. Co., 90 Cal App 4th 352, at 361.

5. Said defendants breached such duty by their wrongful allegations regarding back child support

6. As a result of such breach, defendants gained a collection advantage against Plaintiff, requiring Plaintiff to hire his own counsel and incur legal expenses exceeding $3,000, much to Plaintiff's damage.

7... Defendant Murphy's willful misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages..

8.. As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

9.. As a further proximate result of the acts alleged above, plaintiff has incurred the other special damages, including legal and medical fees set forth above.



10.  By reason of the acts alleged above, plaintiff was prevented from continuing his job search and is reaching the end of his COBRA health insurance coverage. Plaintiff is informed and believes and thereon alleges, that plaintiff was thereby sustain further damages.

10.  The acts of defendant Mary Murphy and the failure of all other defendants other than Melody Grandell to supervise Ms. Murphy justify the awarding of exemplary and punitive damages to Plaintiff.

11.  Plaintiff repeats allegations relative to the claims and immunity argument above.

12.  Plaintiff repeats allegations relative to the claims and immunity argument above.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;

4. Exemplary and punitive damages

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

Dated: 10/5/07

_Clifford M. Govaerts, Plaintiff_

VERIFICATION

I, Clifford M. Govaerts, am the plaintiff in this action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Dated: 10/5/07

_Clifford M. Govaerts, Plaintiff_

9

Govaerts v. Santa Clara County  et al COMPLAINT FOR MONEY DAMAGES

| SHORT TITLE: *Govarsis v Santa Clara County Dept Child Support* | CASE NUMBER: | PLD-PI-001(6) |

## Exemplary Damages Attachment

Page _11_

ATTACHMENT TO  [X] Complaint  [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):* John G Vartanian III

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendant Mary Murphy, in connection a child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff. Ms. Murphy knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI. Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

SHORT TITLE: *Gomez v. Santaclaracountydept childsupport*

CASE NUMBER:

PLD-PI-001(6)

## Exemplary Damages Attachment

Page 10

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):* *Mary Murphy*

Plaintiff alleges defendant was guilty of

[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendant Mary Murphy, in connection a child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff. Ms. Murphy knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI. Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

EX-3. The amount of exemplary damages sought is

a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**PLD-PI-001(6)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Grovaerts v. Santa Clara County Dept Child Support | |

# Exemplary Damages Attachment

Page _12_

ATTACHMENT TO  [X] Complaint    [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):* Santa Clara County Department of Child support Services

Plaintiff alleges defendant was guilty of

[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendant Mary Murphy, in connection a child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff.  Ms. Murphy  knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI.  Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

EX-3. The amount of exemplary damages sought is

a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PROOF OF SERVICE

Declaration under Code of Civil Procedure § 1094.5

I, _____, a resident of Santa Clara County, whose business address is

This_____, 2007

Served the following items:

Complaint re Personal Injury, Clifford M. Govaerts vs Santa Clara County Department of Child Support Services, Summons and Statement of Damages;

On the following interested parties:

Santa Clara County Department        Mary Murphy
  of Child Support Services              Santa Clara County Department
2851 Junction Ave.                        of Child Support Services
San Jose, CA 95134-1910                2851 Junction Ave.
                                                  San Jose, CA 95134-1910

John G. Vartanian III                      Melody Grandell
Santa Clara County Department        10338 Scenic Blvd
  of Child Support Services              Cupertino, CA 95014
2851 Junction Ave.
San Jose, CA 95134-1910

Santa Clara County Board Of Supervisors
70 W. Hedding Road, East Wing
10th Floor
San Jose, CA 95110

By hand delivery or other Personal service

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated:_____          _____

Govaerts v. Santa Clara County  et al COMPLAINT FOR MONEY DAMAGES

Department of Child Support Services • • • • • • • • • • • • • • • • • •

## Mission of the Department of Child Support Services

The mission of the Department of Child Support Services is to promote the well-being of children and the self-sufficiency of families by delivering effective child support services to help meet the financial, medical, and emotional needs of children.

## Values of the Department of Child Support Services

The Department of Child Support Services:

- Is dedicated to providing a child support program that puts the security of children above all else, based on the belief that parental responsibility includes financial, medical, and emotional support

- Takes pride in treating everyone served with kindness and compassion

- Treats customers equally and impartially, recognizing their differences with respect and understanding

- Responds to customers with accurate and timely services

- Works collaboratively with customers, other governmental agencies, and partners in an environment of trust and open communication to provide the best possible child support services

Call toll free 1-866-249-0773 to find your county Department of Child Support Services office or visit our website at http://www.childsup.ca.gov

2

*Exhibit A*

# County of Santa Clara

**Department of Child Support Services**

2685 Junction Avenue
San Jose, California 95134
(408) 503-5200 FAX 503-5252

Ralph Miller, Director

February 12, 2007

Clifford Govaerts
P.O. Box 2294
Cupertino, California 95015

Re: In re the Marriage of Govaerts
    FSB: 0205857

Dear Mr. Govaerts:

It is my understanding from your attorney that the Department of Child Support Services is permitted to deal with you directly until you inform us that you want us to deal with your attorney.

This letter is in response to your correspondence in which you believe you have over paid child support. I agreed you have over paid the child support that has accrued from June 1, 2006 through January 1, 2007. In May/June of last year, Ms. Grandell asserted that there were child and spousal support arrears estimated in the amount of $6,894 owed prior to June 1, 2006. (These figures were listed in a Responsive Declaration I filed with the court in June of 2006. A copy was served on your attorney.)

On July 20, 2006, Melody Grandell, your attorney, Tracy Duell-Casez and I were present in Department 94 for a settlement conference. The issues before the court were modification of child and spousal support and determination of arrears. Your attorney was not able to reach you. By stipulation Ms. Grandell, Ms. Duell-Casez and I agreed to take the motion off calendar without prejudice. Any party could ask that the matter be restored.

I just spoke with Ms. Grandell. She has decided not to pursue the prior arrearages at this time. She is aware that this will result in an overpayment of support and you will not need to pay support until the overpayment is cured.

Attached is a Schedule of Payments which shows that you have over paid child support by $2,062.93 through January, 2007. This means you would not owe support for February, March, and April. For May, you would only need to pay $161.07. (4 months x $566= $2,224 less $2,062.93 = $161.07).

Exhibit B-1

**Board of Supervisors:** Donald F. Gage, Blanca Alvarado, Pete McHugh, James T. Beall, Jr., Liz Kniss
**County Executive:** Peter Kutras, Jr.

Clifford Govarets
February 12, 2007
Page 2

I have already asked the Child Support Officer assigned to your case to adjust your accounts. If you disagree or have questions regarding the above, you can contact me at (408) 503-5502 or fax correspondence to (408) 503-5657.

Sincerely,

Mary Murphy
Department of Child Support Services

cc: Melody Grandell
    Tracy Duell-Cazes

B-2

Board of Supervisors: Donald F. Gage, Blanca Alvarado, Pete McHugh, James T. Beall, Jr., Liz Kniss
County Executive: Peter Kutras, Jr.

Schedule of Payments

February 12, 2007
Page: 1

FSB 0205857 Govaerts Never Arrears

Simple Interest starting at: 10%
Payments are being applied: first to debt incurred during the current month, then to interest, then to principal.

Prepared using software licensed to Santa Clara County Family Support

| Date | Amount due or payment received | | # of days | Interest rate from this date forward | Interest earned since prior transaction | Total accrued interest | Portion of payment applied to interest | Transaction's effect (+ or -) upon principal balance | Principal balance |
|---|---|---|---|---|---|---|---|---|---|
| Jun 01, 2006 | 566.00 | Amt Due | 0 | 10 | .00 | .00 | | 566.00 | 566.00 |
| Jun 01, 2006 | -1,134.00 | Amt Due | 0 | 10 | .00 | .00 | | -1,134.00 | -568.00 |
| Jul 01, 2006 | 566.00 | Amt Due | 30 | 10 | .00 | .00 | | 566.00 | -2.00 |
| Jul 01, 2006 | -294.00 | Payment | 0 | 10 | .00 | .00 | | -294.00 | -296.00 |
| Aug 01, 2006 | 566.00 | Amt Due | 31 | 10 | .00 | .00 | | 566.00 | 270.00 |
| Aug 01, 2006 | -101.53 | Payment | 0 | 10 | .00 | .00 | | -101.53 | 168.47 |
| Sep 01, 2006 | 566.00 | Amt Due | 31 | 10 | 1.43 | 1.43 | | 566.00 | 734.47 |
| Oct 01, 2006 | 566.00 | Amt Due | 30 | 10 | 6.04 | 7.47 | | 566.00 | 1,300.47 |
| Oct 01, 2006 | -1,721.00 | Payment | 0 | 10 | .00 | 7.47 | -7.47 | -1,713.53 | -413.06 |
| Nov 01, 2006 | 566.00 | Amt Due | 31 | 10 | .00 | .00 | | 566.00 | 152.94 |
| Nov 01, 2006 | -2,769.07 | Payment | 0 | 10 | .00 | .00 | | -2,769.07 | -2,616.13 |
| Dec 01, 2006 | 566.00 | Amt Due | 30 | 10 | .00 | .00 | | 566.00 | -2,050.13 |
| Dec 01, 2006 | -572.40 | Payment | 0 | 10 | .00 | .00 | | -572.40 | -2,622.53 |
| Jan 01, 2007 | 566.00 | Amt Due | 31 | 10 | .00 | .00 | | 566.00 | -2,056.53 |
| Jan 01, 2007 | -6.40 | Amt Due | 0 | 10 | .00 | .00 | | -6.40 | -2,062.93 |
| Feb 01, 2007 | .00 | | 31 | 10 | .00 | .00 | | .00 | -2,062.93 |

Total of Payments: 6,598.40
Total Interest Earned: 7.47
Amount Applied to Interest: 7.47
Amount Applied to Principal: 6,590.93

Principal Balance: -2,062.93
Unpaid Accrued Interest: .00
Total Amount Due: = -2,062.93

B-3

Clifford M. Govaerts
21795 Olive Ave
Cupertino.CA 95014
408-253-1921
February 20, 2007

~~Via Registered Mail Return receipt requested~~

Santa Clara County
Departmaint of Child Support Services
2851 Junction Ave
San Jose, CA 95134-1910

Attention:Mary Murphy

Case # 1: 0205857  Govaerts id# 730161-Complaint re calculation of
accrued support due

Dear Ms. Murphy,

Thank your for your recent, candid letter. I take some comfort in knowing that Melody
was not the source of the erroneous bills in your monthly case activity statements. I have
attached those statements for April 2006, June 2006 and August 2006, showing arrearage
for $43,667.50, $45,137, and $46,755 respectively. Why would you send out these bills
knowing that they were erroneous?

In addition, you must have known that even though Melody was seeking $6,894 in back
support, with my pending motion to modify support, which would be given retroactive
effect, and my nominal amount of income, it was unlikely that she would collect any
portion of the $6,894.

Clearly the purpose of your bills was to extort and inflict economic and emotional
pressure on me. Your statements state the many penalties for nonpayment, e.g.
attachment of accounts, including IRA's, blemishes on my credit report, garnishment of
wages and tax refunds (and mine was taken) and one year in jail and $1,000 fines.

Your misuse of power in this matter is unethical, actionable and potentially criminal. If
this was not merely a frolic of your own but the policy of your department, it may be time
to blow the whistle. In any event, out of professional courtesy, I recommend that you
obtain independent legal counsel.

Whatever you may have filed with the court in July of 2006 is fairly irrelevant. I notice
your attached August bill was unadjusted. But as you know, the damage was already
done before July 2006, with my hospitalization in June 2006. That personal injury, the
injury to my children, particularly my son, and the impact this has had on my job search

Exhibit C
C-1

and future cannot be compensated for, although I will now seek significant amounts in damages for your outrageous and malicious misconduct.

My COBRA coverage ran out January 1, 2007. If I am unable to secure employment and group benefits by March 1, 2007, it is my understanding that because of pre-existing condition limitations in most if not all plans, and for various, personal reasons, I will be uninsurable for the rest of my career. How will I obtain coverage for my minor child? Wasn't she to be the beneficiary of your efforts? How is destroying her father by your wrongdoings a benefit to her?

I will be amending my claims with your office and the Board of supervisors in light of your recent admission. Regarding the former, it has been over 30 days without a response, and if the case must now be moved to the ALJ, assuming I have exhausted my administrative rights, please move it up.

In any event, I strongly request that all matters related to the above-captioned case be removed from your desk and reassigned to someone else.

One last thought, as my ongoing job search is so critical a focus, I would hope the County would agree in writing to a 90 day or longer tolling of all applicable statutes of limitations applicable to my claims. I would further request that all matters surrounding my medical history be kept confidential by all those involved. As a quid pro quo, I will be quite circumspect in sharing the facts of your actions with others.

Best wishes in what may be difficult times,

/S/

Clifford Govaerts

Cc:Board of supervisors; Gage et al

C-2

CLIFFORD M. GOVAERTS, SBN 073624
P.O. BOX 2294
CUPERTINO, CA 95015
TELEPHONE: (408) 253-1921
FAX: (408) 877-1649
Pro per

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

| | |
|---|---|
| CLIFFORD M. GOVAERTS<br>        Plaintiff<br><br>DAMAGES<br>        vs.<br><br><br><br>Santa Clara County Department of<br>Child Support Services;<br>Mary Murphy, Atty;<br>John G. Vartanian, III,<br>County of Santa Clara;<br>Melody Grandell;  and<br>Does 1-10 | No. 107 CV 095874<br>FIRST AMENDED<br>COMPLAINT FOR MONEY<br><br>Personal Injury and Fiduciary Breach<br>Civil Rights Violation Under 42<br>U.S.C.A. § 1983<br>        (Damages exceed $25,000) |

### PRELIMINARY STATEMENT

This case surrounding the efforts of Defendant, the Santa Clara County
Department of Child Support Services, and the wrongful acts of its Attorney,
Defendant Mary Murphy, to collect a minimal amount of Child Support allegedly
due, by an unlawful and untruthful overstatement of such underpayment by a factor of
20, and win-at- all- costs collection efforts in an attempt, through financial,
emotional, and mental abuse to coerce Plaintiff to pay such inflated amount.

### FIRST CAUSE OF ACTION- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS:

Plaintiff alleges:

1

Govaerts v. Santa Clara County  et al
First Amended COMPLAINT FOR MONEY DAMAGES

EXHIBIT B

1. Defendant Santa Clara County Department of Child Support Services is, and at all times mentioned herein was, a public entity, duly organized and existing under the laws of the State of California.

2. At all times mentioned herein, defendants Mary Murphy, Atty and John G. Vartanian, III are employees of defendant Santa Clara County Department of Child Support Services and in doing the acts hereinafter described, acted, except as herein noted, within the course and scope of his or her employment. It is believed and therefore alleged that Defendant John G. Vartanian, III is the supervisor of Defendant Mary Murphy, Atty.

3. Defendant Melody Grandell is Plaintiff's former spouse and a resident of Santa Clara County, the County where the underlying Child Support Order and Action in this matter arose.

4. Defendant County of Santa Clara is, and at all times mentioned herein was, a county duly organized and existing under the laws of the State of California and is responsible for the management and supervision of some or all of the other public entities or public employees whose acts are hereinafter described.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants is negligently responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries as herein alleged were proximately caused by that negligence.

6. At all times herein mentioned, defendants DOES 1-10    , inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

7. Defendant Mary Murphy, in connection with an ongoing child support modification conflict between plaintiff and Defendant Melody Grandell, on or about

2

Govaerts v. Santa Clara County  et al
First Amended COMPLAINT FOR MONEY DAMAGES

June 2006, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a member of the California State bar, Rule of Professional Conduct 5-200 (A) and (B) to present matters truthfully and not to mislead the judicial officer. This duty of truthfulness is a mandatory duty codified by California Business and Professions Code § 6068. Ms. Murphy knew or should have known that Plaintiff's obligation was not $42,000 but a much smaller amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000.

8. Defendant Mary Murphy knew or should have known, that Plaintiff, as a result of a bitter divorce and the recent loss of his job, was suffering from an emotional disability and was collecting California SSI.

9. As a result of her ethical duty, and the commitment to the public of her employer, Defendant Santa Clara County Department of Child Support Services, whose expressed mission statement to promote the well-being of families with accurate and timely service, as stated in such defendant's marketing materials attached as Exhibit A, Mary Murphy owed a duty of care to plaintiff which she breached by her failure to determine the exact amount, or at least a reasonable estimate thereof, of the child support due, and not to pursue Plaintiff for an unlawful amount.

10. As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

11. As a further proximate result of the acts alleged above, plaintiff was required to and did employ physicians to examine, treat, and care for plaintiff, and incurred additional medical expenses for hospital bills and other incidental medical

3

expenses. Plaintiff is informed and believes and thereon alleges that plaintiff will incur some additional medical expenses, the exact amount of which is unknown.

12. By reason of the acts alleged above, plaintiff was prevented from continuing his job search and is reaching the end of his COBRA health insurance coverage. Plaintiff is informed and believes and thereon alleges, that plaintiff will thereby sustain further damages.

13. The acts of defendant Mary Murphy and the failure of all other defendants other than Melody Grandell to supervise Ms. Murphy justify the awarding of damages to Plaintiff.

14. Defendant's act in misleading the Court as to the amount of Child support due was itself unlawful, outside her duties as an employee of the Department, and not part of an action instigated or prosecuted by her as the matter was already pending. Mary Murphy was ,in fact, a mere witness for the Defendant Department of Child Support in this matter, and, as such, does not enjoy the normal prosecutorial immunity and, as the function her position was to protect children, under Government Code § 820.21, such immunity is not available as a result of her deceit. Justice demands that the state policy in favor of immunity must give way to the states interest in protecting the integrity of the justice system from the unlawful acts of officers of the Court. This is especially true in light of the mandatory and statutory duty of a lawyer to be truthful in all matters.

15. Plaintiff was required to comply with the claims statute and has complied. Plaintiff's claim was denied by Defendant County of Santa Clara on April 4, 2007;

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;]

4.For costs of suit herein incurred; and

4

5. For such other and further relief as the court may deem proper.

**SECOND CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:**
Plaintiff alleges:

1. Plaintiff repeats allegations 1-4 and 15 from his First Cause.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants except for Defendant Melody Grandell are responsible in some manner for the occurrences herein alleged, either as a result of their failure to supervise, or for some other reason, and that plaintiff's injuries as herein alleged were proximately caused by that act or omission.

3. At all times herein mentioned, defendants DOES 1-10, inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

4. Defendant Mary Murphy, in connection with the above-described child support modification conflict, with full known of the inaccuracy of the information, informed the court and/or Defendants Vartanian , Department and Does, that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff. Ms. Murphy knew that Plaintiff's obligation was a much smaller amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000. Nevertheless, Ms. Murphy thereby acted with reckless abandon, willfulness and malice in pursuing Plaintiff for $42,000.

5. Defendant Mary Murphy knew or should have known that Plaintiff, as a result of a bitter divorce and the recent loss of his job, was suffering from an emotional disability and was collecting California SSI.

Govaerts v. Santa Clara County  et al
First Amended COMPLAINT FOR MONEY DAMAGES

6.   Defendant Murphy's willful misconduct was wanton, malicious, and oppressive, and justifies the awarding of exemplary and punitive damages.

7. As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

8. As a further proximate result of the acts alleged above, plaintiff has incurred the other special damages  set forth above.

9. By reason of the acts alleged above, plaintiff was prevented from continuing his job search and is reaching the end of his COBRA health insurance coverage. . Plaintiff is informed and believes and thereon alleges, that plaintiff was thereby sustain further damages.

10. The acts of defendant Mary Murphy and the failure of all other defendants other than Melody Grandell to supervise Ms. Murphy justify the awarding of exemplary and punitive damages to Plaintiff.

11. Plaintiff repeats allegation 14 in his First Cause of Action relative to the claims and immunity argument above.

WHEREFORE, plaintiff prays judgment as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;

4. Exemplary and punitive damages

5. For costs of suit herein incurred; and

6.For such other and further relief as the court may deem proper.

6

**THIRD CAUSE OF ACTION- MALICIOUS PROSECUTION:**

Plaintiff alleges:

1.    Plaintiff repeats allegations 1-6 from his Second cause of action.

2.    Despite the claim that Plaintiff owed $42,000 in back child support, but only after the suffering of Plaintiff, Defendant Department of Child Support Services ultimately concluded that no back child support existed. See Defendant Department of Child Support Services letter of February 12, 2007. attached as Exhibit 2. In response thereto Plaintiff supplemented his claim pending against the County by his letter of February 20, 2007, informing the county of his elevated damages and new causes of action, as shown in Exhibit 3, attached hereto.

3. Defendants acted without any basis in fact in claiming any amount over $3,000 was due and in their vicious actions to recover such amounts. Defendant Murphy did not honestly, reasonably, and in good faith belief Plaintiff to be guilty of the financial neglect of his daughter. She had no justification in participating in such wrong doing.

4 Plaintiff is informed and believes and therefore alleges that Defendant Melody Grandell wrongfully participated in such conduct. Melody Grandell had no justification in participating in such wrong doing as she knew there was no such deficiency

5. Defendants Murphy and Grandell, and unknown Does, acted maliciously in pursuing Plaintiff for amounts knowingly not due and did so out of an improper motive or purpose, prejudice, or a desire to annoy and wrong Plaintiff to pay an amount of $3,000, which due to his limited income, was ultimately determined not due.

6. As a proximate result of the wrongdoings initiated by Defendants, Plaintiff has been damaged.

7. Such misstated claim for back Child Support and harassment to collect such debt were acts by said Defendants which were willful, wanton, malicious and

oppressive in that it was, it is believed, in the case of Defendant Mary Murphy, and Department, that a policy or custom of Defendant Department of Child Support Services exists that all dads are presumed to be "deadbeats", and none are truly disabled or otherwise justified in nonpayment, and that "win at all cost" attitude be pursued for amounts in excess of amounts reasonably due.. This gender bias, it is believed, and the ill will of Melody Grandell, it is believed and therefore alleged, was motivated by hatred of or ill will toward Plaintiff. These acts, and the frail condition of Plaintiff when they occurred, therefore justify the awarding of punitive damages.

7. Plaintiff repeats allegation 14 in his First Cause of Action relative to the claims and immunity argument above.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1.For general damages according to proof.

2.For exemplary and punitive damages as permitted by law

3.For costs of suit herein incurred.

4. For such other and further relief as the court may deem proper.

**FOURTH CAUSE OF ACTION- BREACH OF FIDUCIARY DUTY OF ATTORNEY DUE PLAINTIFF:**

**(As Against Defendants Murphy, Vartanian, Department, County and Does 1-10).**

Plaintiff alleges:

1.Plaintiff repeats allegations 1-5 from his Second Cause.

2. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants except for Defendant Melody Grandell are responsible in some manner for the occurrences herein alleged, either as

8

a result of their failure to supervise, or for some other reason, and that plaintiff's injuries as herein alleged were proximately caused by that act or omission.

     3. At all times herein mentioned, defendants DOES 1-10   , inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

     4. For such other and further relief as the court may deem proper.

As a result of Defendant's role and position, a balancing of (1) her intended harm to Plaintiff with her knowledge of his emotional condition and health, (2) the degree of certainty that being unemployed and told he owed more he knew he didn't, after being through the "normal traumas" of family breakdowns,. such intended harm was likely (3) the clear violation of rules of professional responsibility, (4) the severity of the harm caused, and (5) the policy of this state and the Count to prevent harm under these situations, case law creates a fiduciary duty between lawyer and third party. See U <u>Biakanja</u> , 49 Cal. 2d. 647, and <u>Adelman v. Associated Internat. Ins. Co., 90 Cal App 4th 352, at 361.</u>

     5. Said defendants breached such duty by their wrongful allegations regarding back child support

     6. As a result of such breach, defendants gained a collection advantage against Plaintiff, requiring Plaintiff to hire his own counsel and incur legal expenses exceeding $3,000, much to Plaintiff's damage.

     7. Defendant Murphy's willful misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

     8. As the proximate result of the acts alleged above, Plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of

which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

9. As a further proximate result of the acts alleged above, Plaintiff has incurred the other special damages, including legal and medical fees set forth above.

10. By reason of the acts alleged above, Plaintiff was prevented from continuing his job search and is reaching the end of his COBRA health insurance coverage. Plaintiff is informed and believes and thereon alleges, that plaintiff will thereby sustain further damages.

11. The acts of defendant Mary Murphy and the failure of all other defendants other than Melody Grandell to supervise Ms. Murphy justify the awarding of exemplary and punitive damages to Plaintiff.

12. Plaintiff repeats allegation 14 in his First Cause of Action relative to the claims and immunity argument above.

WHEREFORE, Plaintiff prays judgment as follows:

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;

4. Exemplary and punitive damages

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

**CAUSE OF ACTION: CIVIL RIGHTS VIOLATION UNDER 42 U.S.C.A. § 1983**

1. Defendants, through pursuing Plaintiff for child support in amounts they knew to be excessive, unlawfully intruded into family relationship matters between Plaintiff and his minor child, who had been thrown, actively and perpetually, into Plaintiff's marital dissolution. There exists a special community of thoughts, experiences and beliefs between a father and daughter, and for a daughter to wrongfully believe that her father is seriously behind on support obligations, as a result of Defendants' wrongful actions, puts in jeopardy such constitutionally protected relationship.

10

2. Defendants had no justification in their wrongful and outrageous conduct and in fact, had assumed a duty to protect the family relationship by their very existence and operations. It shocks the conscious that they would engage in such conduct when the research concludes that the rate of suicide among men going through a breakup of marriage is three times the rate of married men. How do the death of a father, and the resulting termination of support, benefit the child?

3. Defendants, with the intent to cause Plaintiff harm, pursued Plaintiff for a fabricated amount of child support, recklessly, maliciously, and without regard to his civil rights.

4. Plaintiff brings this action under 42 U.S.C.A. § 1983 and various state tort claims, seeking compensatory and punitive damages, and injunctive relief to prevent future unlawful civil rights violations by Defendants.

5. This civil rights claim is brought to ensure that the constitutional freedom for wrongful governmental intrusion into family matters does not become meaningless.

6. State courts have jurisdiction over matters arising under § 1983.

7. The events giving rise to these claims arose in Santa Clara County.

8. Plaintiff's child support obligation relates to his minor daughter Melissa. age 14 at the time of the wrongful conduct of Defendants.

9. Defendant Melody Grandell shared many of the details of the parties' dissolution with said minor child who did in fact confront her father with respect to the alleged delinquent support.

10. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1- 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of these fictitiously named defendants except for Defendant Melody Grandell are responsible in some manner for the occurrences herein alleged, either as

11

Govaerts v. Santa Clara County  et al
First Amended COMPLAINT FOR MONEY DAMAGES

a result of their failure to supervise, or for some other reason, and that plaintiff's injuries as herein alleged were proximately caused by that act or omission.

11.  At all times herein mentioned, defendants DOES 1-10, inclusive, were the agents, servants, and employees of their codefendants, and in doing the things hereinafter alleged were acting in the scope of their authority as such agents, servants, and employees, and with the permission and consent of their codefendants.

**As To Defendant Murphy:**

12.  Plaintiff repeats allegations 1-4 and 14 from his First Cause.

13.  At all times relevant, Defendant Murphy, in her unlawful overstatement of Plaintiff's support obligation, and in her vicious and ceaseless pursuit of such amounts, was acting, it is argued in the alternative, within the scope and authority granted under state law, under a course of action and behavior rising to a level of a policy, custom and systemic condoned practice, which deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution and by federal statute in violation of 42 U.S.C.A. § 1983.

14.  Defendant Murphy's conduct was reckless, callously indifferent, and willful to the level of being wanton, malicious, and oppressive, and justifies the awarding of exemplary and punitive damages.

15.  As a direct and proximate result of such acts, indifference, custom and policy established by Defendant Department, Plaintiff has suffered and will continue to suffer shame, despair, depression, mental pain, anguish and economic losses, all to Plaintiff's damage in an amount to be proven at trial.  In addition irreparable harm has been done to his relationship with his daughter, greatly elevating such mental and emotional damages.

**As To Defendants Vartanian, Santa Clara County Department Of Child Support And Santa Clara County**

16.  Plaintiff repeats allegations 1-14 from this Cause against Defendant Murphy.

17.  Defendants Vartanian, and the Santa Clara County Department Of Child Support Services, it is alleged and believed, knew of and ratified the above-described

12

actions of Defendant Murphy, were instrumental in setting, and acted in concert in setting, acting under color of state law, the policy and custom the lead to the overstatement of Plaintiff's support obligation and the wrongful pursuit of such amounts against him in violation of his Civil Rights.

18. Out of deliberate indifference and/or unofficial custom and policy, including a "win at all costs" policy, Defendants Vartanian, the Santa Clara County Department Of Child Support Services, and the County of Santa Clara, failed to adequately train and supervise Defendant Murphy and Does 1-10 as to the laws relating to the civil rights of members of the community involved in child support matters, the proper means to be followed by lawyers and other officials in assisting families in meeting the needs of their children, and the emotional considerations which, in good conscience, should require a sensitivity to the situation greater that that exhibited by Ms. Murphy.

19. As a result, Plaintiff was subject to the wrongful conduct herein alleged which deprived Plaintiff of rights, privileges, and immunities secured by the United States Constitution and by federal statute in violation of 42 U.S.C.A. § 1983.

20. Defendants Vartanian, the Santa Clara County Department Of Child Support Services, and the County of Santa Clara, should have supervised, known, trained and instructed Ms. Murphy, and their other employees, agents, and/or representatives to be aware that federal and state laws require that proper means be followed in assisting families in meeting the support needs of their children, and that emotional considerations, in good conscience, should require that in performing their official duties, a sensitivity to protecting the family relationship present.

21. As a direct and proximate result of said acts, indifference, custom, and policy established by Defendants Vartanian, the Santa Clara County Department Of Child Support Services, and the County of Santa Clara, Plaintiff has suffered and will continue to suffer shame, despair, depression, mental pain, anguish and economic losses, all to Plaintiff's damage in an amount to be proven at trial. In addition irreparable harm has been done to his relationship with his daughter, greatly elevating such mental and emotional damages.

Govaerts v. Santa Clara County  et al
First Amended COMPLAINT FOR MONEY DAMAGES

**As To Defendants The Santa Clara County Department Of Child Support, And The County Of Santa Clara**

22.  In addition to the above grounds for liability, Defendants the Santa Clara County Department Of Child Support Services and the County of Santa Clara are vicariously liable to Plaintiff for the acts of their employees, agents, and/or representatives.

WHEREFORE, Plaintiff prays judgment as follows:

**AS TO DEFENDANTS MURPHY AND VARTANIAN,:**

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;

4. Exemplary and punitive damages

5. For costs of suit herein incurred; and

6. For such other and further relief as the court may deem proper.

**AS TO DEFENDANTS THE SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT, AND THE COUNTY OF SANTA CLARA**

1. For general damages according to proof;

2. For medical and related expenses according to proof.

3. For lost earnings, past and future, according to proof;

4. For costs of suit herein incurred;

5. For injunctive relief preventing future violations of this nature, and

6. For such other and further relief as the court may deem proper.

Dated: December 4, 2007

Clifford M. Govaerts, Plaintiff

VERIFICATION

I, Clifford M. Govaerts, am the plaintiff in this action. I have read the foregoing First Amended complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Dated: December 4, 2007

Clifford M. Govaerts, Plaintiff

14

Govaerts v. Santa Clara County et al

First Amended COMPLAINT FOR MONEY DAMAGES

Department of Child Support Services • • • • • • • • • • • • • • • • • • • •

# Mission of the Department of Child Support Services

The mission of the Department of Child Support Services is to promote the well-being of children and the self-sufficiency of families by delivering effective child support services to help meet the financial, medical, and emotional needs of children.

# Values of the Department of Child Support Services

The Department of Child Support Services:

- Is dedicated to providing a child support program that puts the security of children above all else, based on the belief that parental responsibility includes financial, medical, and emotional support

- Takes pride in treating everyone served with kindness and compassion

- Treats customers equally and impartially, recognizing their differences with respect and understanding

- Responds to customers with accurate and timely services

- Works collaboratively with customers, other governmental agencies, and partners in an environment of trust and open communication to provide the best possible child support services

Call toll free 1-866-249-0773 to find your county Department of Child Support Services office or visit our website at http://www.childsup.ca.gov



2

Exhibit A

# County of Santa Clara

**Department of Child Support Services**

2685 Junction Avenue
San Jose, California 95134
(408) 503-5200 FAX 503-5252

Ralph Miller, Director



February 12, 2007

Clifford Govaerts
P.O. Box 2294
Cupertino, California 95015

Re: In re the Marriage of Govaerts
    FSB: 0205857

Dear Mr. Govaerts:

It is my understanding from your attorney that the Department of Child Support Services is permitted to deal with you directly until you inform us that you want us to deal with your attorney.

This letter is in response to your correspondence in which you believe you have over paid child support. I agreed you have over paid the child support that has accrued from June 1, 2006 through January 1, 2007. In May/June of last year, Ms. Grandell asserted that there were child and spousal support arrears estimated in the amount of $6,894 owed prior to June 1, 2006. (These figures were listed in a Responsive Declaration I filed with the court in June of 2006. A copy was served on your attorney.)

On July 20, 2006, Melody Grandell, your attorney, Tracy Duell-Casez and I were present in Department 94 for a settlement conference. The issues before the court were modification of child and spousal support and determination of arrears. Your attorney was not able to reach you. By stipulation Ms. Grandell, Ms. Duell-Casez and I agreed to take the motion off calendar without prejudice. Any party could ask that the matter be restored.

I just spoke with Ms. Grandell. She has decided not to pursue the prior arrearages at this time. She is aware that this will result in an overpayment of support and you will not need to pay support until the overpayment is cured.

Attached is a Schedule of Payments which shows that you have over paid child support by $2,062.93 through January, 2007. This means you would not owe support for February, March, and April. For May, you would only need to pay $161.07. (4 months x $566= $2,224 less $2,062.93 = $161.07).

Exhibit B-1

Board of Supervisors: Donald F. Gage, Blanca Alvarado, Pete McHugh, James T. Beall, Jr., Liz Kniss
County Executive: Peter Kutras, Jr.

Clifford Govarets
February 12, 2007
Page 2

I have already asked the Child Support Officer assigned to your case to adjust your accounts. If you disagree or have questions regarding the above, you can contact me at (408) 503-5502 or fax correspondence to (408) 503-5657.

Sincerely,

Mary Murphy
Department of Child Support Services

cc: Melody Grandell
    Tracy Duell-Cazes

B-2

Schedule of Payments

February 12, 2007<br>Page: 1

FSB 0205857 Govaerts Never Arrears

Simple Interest starting at: 10%
Payments are being applied: first to debt incurred during the current month, then to interest, then to principal.

Prepared using software licensed to Santa Clara County Family Support

| Date | Amount due or payment received | | # of days | Interest rate from this date forward | Interest earned since prior transaction | Total accrued interest | Portion of payment applied to interest | Transaction's effect (+ or -) upon principal balance | Principal balance |
|------|------|------|------|------|------|------|------|------|------|
| Jun 01, 2006 | 566.00 | Amt Due | 0 | 10 | .00 | .00 | | 566.00 | 566.00 |
| Jun 01, 2006 | -1,134.00 | Amt Due | 0 | 10 | .00 | .00 | | -1,134.00 | -568.00 |
| Jul 01, 2006 | 566.00 | Amt Due | 30 | 10 | .00 | .00 | | 566.00 | -2.00 |
| Jul 01, 2006 | -294.00 | Payment | 0 | 10 | .00 | .00 | | -294.00 | -296.00 |
| Aug 01, 2006 | 566.00 | Amt Due | 31 | 10 | .00 | .00 | | 566.00 | 270.00 |
| Aug 01, 2006 | -101.53 | Payment | 0 | 10 | .00 | .00 | | -101.53 | 168.47 |
| Sep 01, 2006 | 566.00 | Amt Due | 31 | 10 | 1.43 | 1.43 | | 566.00 | 734.47 |
| Oct 01, 2006 | 566.00 | Amt Due | 30 | 10 | 6.04 | 7.47 | | 566.00 | 1,300.47 |
| Oct 01, 2006 | -1,721.00 | Payment | 0 | 10 | .00 | 7.47 | -7.47 | -1,713.53 | -413.06 |
| Nov 01, 2006 | 566.00 | Amt Due | 31 | 10 | .00 | .00 | | 566.00 | 152.94 |
| Nov 01, 2006 | -2,769.07 | Payment | 0 | 10 | .00 | .00 | | -2,769.07 | -2,616.13 |
| Dec 01, 2006 | 566.00 | Amt Due | 30 | 10 | .00 | .00 | | 566.00 | -2,050.13 |
| Dec 01, 2006 | -572.40 | Payment | 0 | 10 | .00 | .00 | | -572.40 | -2,622.53 |
| Jan 01, 2007 | 566.00 | Amt Due | 31 | 10 | .00 | .00 | | 566.00 | -2,056.53 |
| Jan 01, 2007 | -6.40 | Amt Due | 0 | 10 | .00 | .00 | | -6.40 | -2,062.93 |
| Feb 01, 2007 | .00 | | 31 | 10 | .00 | .00 | | .00 | -2,062.93 |

|  |  |  |  |
|--|--|--|--|
| Total of Payments: | 6,598.40 | | |
| Total Interest Earned: | 7.47 | Principal Balance: | -2,062.93 |
| Amount Applied to Interest: | 7.47 | Unpaid Accrued Interest: | .00 |
| Amount Applied to Principal: | 6,590.93 | Total Amount Due: | = -2,062.93 |

P₂-3

Clifford M. Govaerts
21795 Olive Ave
Cupertino, CA 95014
408-253-1921
February 20, 2007

Via Registered Mail-Return receipt requested

Santa Clara County
Department of Child Support Services
2851 Junction Ave
San Jose, CA 95134-1910

Attention: Mary Murphy

       Case # 1: 0205857  Govaerts id# 730161-Complaint re calculation of
accrued support due

Dear Ms. Murphy,

Thank your for your recent, candid letter. I take some comfort in knowing that Melody
was not the source of the erroneous bills in your monthly case activity statements. I have
attached those statements for April 2006, June 2006 and August 2006, showing arrearage
for $43,667.50, $45,137, and $46,755 respectively. Why would you send out these bills
knowing that they were erroneous?

In addition, you must have known that even though Melody was seeking $6,894 in back
support, with my pending motion to modify support, which would be given retroactive
effect, and my nominal amount of income, it was unlikely that she would collect any
portion of the $6,894.

Clearly the purpose of your bills was to extort and inflict economic and emotional
pressure on me. Your statements state the many penalties for nonpayment, e.g.
attachment of accounts, including IRA's, blemishes on my credit report, garnishment of
wages and tax refunds (and mine was taken) and one year in jail and $1,000 fines.

Your misuse of power in this matter is unethical, actionable and potentially criminal. If
this was not merely a frolic of your own but the policy of your department, it may be time
to blow the whistle. In any event, out of professional courtesy, I recommend that you
obtain independent legal counsel.

Whatever you may have filed with the court in July of 2006 is fairly irrelevant. I notice
your attached August bill was unadjusted. But as you know, the damage was already
done before July 2006, with my hospitalization in June 2006. That personal injury, the
injury to my children, particularly my son, and the impact this has had on my job search

Exhibit C

and future cannot be compensated for, although I will now seek significant amounts in damages for your outrageous and malicious misconduct.

My COBRA coverage ran out January 1, 2007. If I am unable to secure employment and group benefits by March 1, 2007, it is my understanding that because of pre-existing condition limitations in most if not all plans, and for various, personal reasons, I will be uninsurable for the rest of my career. How will I obtain coverage for my minor child? Wasn't she to be the beneficiary of your efforts? How is destroying her father by your wrongdoings a benefit to her?

I will be amending my claims with your office and the Board of supervisors in light of your recent admission. Regarding the former, it has been over 30 days without a response, and if the case must now be moved to the ALJ, assuming I have exhausted my administrative rights, please move it up.

In any event, I strongly request that all matters related to the above-captioned case be removed from your desk and reassigned to someone else.

One last thought, as my ongoing job search is so critical a focus, I would hope the County would agree in writing to a 90 day or longer tolling of all applicable statutes of limitations applicable to my claims. I would further request that all matters surrounding my medical history be kept confidential by all those involved. As a quid pro quo, I will be quite circumspect in sharing the facts of your actions with others.

Best wishes in what may be difficult times,

/S/

Clifford Govaerts

Cc:Board of supervisors; Gage et al

C-2

SHORT TITLE:
Govaerds v Santa Clara County Dept Child Support

CASE NUMBER:

PLD-PI-001(6)

## Exemplary Damages Attachment

Page 11

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

EX-1. As additional damages against defendant (name): John G Vartanian III

Plaintiff alleges defendant was guilty of
[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendant Mary Murphy, in connection a child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff. Ms. Murphy knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI. Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PLD-PI-001(6)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| GROVAERYS v SANTACLARACOUNTYDEPT CHILD SUPPORT | |

## Exemplary Damages Attachment

Page _10_

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name)*: *Mary Murphy*

Plaintiff alleges defendant was guilty of

[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendant Mary Murphy, in connection a child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff. Ms. Murphy knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI. Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**PLD-PI-001(6)**

| SHORT TITLE: _Crowery v Santa Clara County Dept_ _Child Support_ | CASE NUMBER: |
|---|---|

## Exemplary Damages Attachment

Page ___*2*___

ATTACHMENT TO    [X] Complaint    [ ] Cross - Complaint

EX-1. As additional damages against defendant (name): _Santa Clara County Department of Child support Services_

~~Plaintiff alleges defendant was guilty of~~
[X] malice
[X] fraud
[X] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

Defendant Mary Murphy, in connection a child support modification conflict, with full known of the inaccuracy of the information, informed the court that Plaintiff owed $42,000, principal and interest, in back child support, in clear violation of her duties as a lawyer and arising out of her relationship to Plaintiff.  Ms. Murphy knew that Plaintiff's obligation was a small potion of that amount as she had been advised by Defendant Grandell that the amount of child support actually due was less than $3,000 and acted with reckless abandon and/or willfulness.

Defendant Mary Murphy new or should have know that Plaintiff, as a result of a bitter divorce and the recent loss of his job was suffering from an emotional disability and was collecting California SSI.  Defendant Murphy's wilfull misconduct was wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

As the proximate result of the acts alleged above, plaintiff suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind due to the harassing letters from Defendant Department of Child Support Services which included threats of arrest, attachment, garnishment of tax refunds (which did occur) and that threat to Plaintiff's professional license, all of which caused severe emotional breakdown of Plaintiff and hospitalization, all to Plaintiff's damage.

EX-3. The amount of exemplary damages sought is
a. [X] not shown, pursuant to Code of Civil Procedure section 425.10.
b. [ ] $

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(6) [Rev. January 1, 2007]

**Exemplary Damages Attachment**

Page 1 of 1
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1

2

3

## PROOF OF SERVICE

4

### Declaration under Code of Civil Procedure § 1094.5

5

I, _____, a resident of Santa Clara County, whose business address

6

is 10338 Scenic Blvd Cupertino, CA 95014 this_____, 2007

7

Served the following items:

8

Complaint re Personal Injury, Clifford M. Govaerts vs Santa Clara County
Department of Child Support Services, Summons and Statement of Damages;

9

10

First Amended Complaint re Personal Injury, Clifford M. Govaerts vs Santa Clara
County Department of Child Support Services, Summons and Statement of Damages;

11

On the following interested  parties:

12

Attention Director,
Santa Clara County Department          Mary Murphy

13

of Child Support Services              Santa Clara County Department
2851 Junction Ave.                        of Child Support Services

14

San Jose, CA 95134-1910              2851 Junction Ave.
                                              San Jose, CA 95134-1910

15

16

John G. Vartanian III
Santa Clara County Department

17

of Child Support Services
2851 Junction Ave.

18

San Jose, CA 95134-1910

19

Peter Kutras, Jr.,

20

County Executive
70 W. Hedding Road, East Wing

21

11th Floor
San Jose, CA 95110

22

23

By hand delivery or other Personal service

24

I declare under penalty of perjury under the laws of the State of California that the above is

25

true and correct.

26

Dated:_____

27

_____

28

Michael Govaerts

15

Govaerts v. Santa Clara County  et al

First Amended COMPLAINT FOR MONEY DAMAGES

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>ANN MILLER RAVEL, County Counsel (S.B. #62139)<br>MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)<br>OFFICE OF THE COUNTY COUNSEL<br>70 West Hedding Street, East Wing, Ninth Floor<br>San Jose, California 95110-1770<br>   TELEPHONE NO.: (408) 299-5900   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Defendants, John G. Vartanian, III and Mary Murphy | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA |
| STREET ADDRESS: 191 North First Street |
| MAILING ADDRESS: same |
| CITY AND ZIP CODE: San Jose, California 95113 |
| BRANCH NAME: |

PLAINTIFF/PETITIONER: CLIFFORD M. GOVAERTS

DEFENDANT/RESPONDENT: SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT
SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA;
MELODY GRANDELL; AND DOES 1-10.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>1-07-CV-095874 |
|---|---|

TO *(insert name of party being served):* JOHN G. VARTANIAN, III and MARY MURPHY

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: JANUARY 7, 2008

ALEXANDRA K. WEIGHT
(TYPE OR PRINT NAME)

▶ *Alexandra K. Weight*
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [ ] Other: *(specify):*

EXHIBIT C

*(To be completed by recipient):*
Date this form is signed: JANUARY 7, 2008

MARCY L. BERKMAN, Deputy County Counsel
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ *[signature]*
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10 |

Legal
Solutions
Plus

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

**PROOF OF SERVICE BY MAIL**

*CLIFFORD M. GOVAERTS v. SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10.*

Case No. 1-07-CV-095874

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **NOTICE AND ACKNOWLEDGMENT OF RECEIPT–CIVIL** by placing said copy in an envelope addressed to:

Clifford Govaerts, Esq.
P.O. Box 2294
Cupertino, CA 95015

which envelope was then sealed, with postage fully prepaid thereon, on **January 7, 2008,** and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 7, 2008,** at San Jose, California.

_____
Alexandra K. Weight

108615.wpd

1

UNITED STATES DISTRICT COURT

2

NORTHERN DISTRICT OF CALIFORNIA

3

4

**PROOF OF SERVICE BY MAIL**

5

6

*CLIFFORD M. GOVAERTS v. SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10.*

7

USDC Case No.

8

Superior Court Case No. 1-07-CV-095874

9

    I, Alexandra K. Weight, say:

10

    I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that

11

my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770.  I am readily familiar with the County's business practice for collection and processing

12

of correspondence for mailing with the United States Postal Service.  I served a copy of the **NOTICE OF REMOVAL OF ACTION FEDERAL QUESTION - 28 U.S.C § 1441(b)**

13

by placing said copy in an envelope addressed to:

14

Clifford Govaerts
P.O. Box 2294

15

Cupertino, CA.  95015

16

which envelope was then sealed, with postage fully prepaid thereon, on **January 7, 2008**, and placed for collection and mailing at my place of business following ordinary business

17

practices.  Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is

18

delivery Service by United States mail at the place so addressed.

19

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 7, 2008**, at San

20

Jose, California.

21

22

*Alexandra K. Weight*

23

            Alexandra K. Weight

24

25

26

27

28

108620.wpd