```
 1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
    MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
 2  OFFICE OF THE COUNTY COUNSEL
    70 West Hedding Street, East Wing, Ninth Floor
 3  San Jose, California 95110-1770
    Telephone: (408) 299-5900
 4  Facsimile: (408) 292-7240

 5  Attorneys for Defendants
    JOHN G. VARTANIAN, III
 6  AND MARY MURPHY
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD M. GOVAERTS, | Case No. C 08-00125 PVT |
| Plaintiff, | **ANSWER OF DEFENDANTS VARTANIAN AND MURPHY TO FIRST AMENDED COMPLAINT FOR MONEY** |
| v. | |
| SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10. | |
| Defendants. | |

Answering the First Amended Complaint for Money Damages ("FAC"), Defendants John G. Vartanian III ("Vartanian") and Mary Murphy ("Murphy") (collectively "Defendants") admit, deny, and allege as follows:

1. Answering the allegations of the first unnumbered paragraph that appears on page 1 of the FAC, Defendants deny each and every allegation contained therein.

2. Answering the allegations of Paragraph 1 of the FAC, Defendants admit that the Department of Public Services is a department of the County of Santa Clara (the "County"). Except as otherwise admitted, Defendants deny the allegations contained in Paragraph 1 of the FAC.

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money         1         C 08-00125 PVT

3. Answering the allegations of Paragraph 2 of the FAC, Defendants admit that they employed by the County and work for the Santa Clara County Department of Child Support services. Except as otherwise admitted, Defendants deny the allegations contained in Paragraph 2 of the FAC.

4. Answering the allegations of Paragraph 3 of the FAC, Defendants are informed and believe that Melody Grandell is Plaintiff's former spouse and a resident of the County, but otherwise lack information and belief sufficient to form a basis to admit or deny the allegations set forth in Paragraph 3 of the FAC.

5. Answering the allegations of Paragraph 4 of the FAC, Defendants admit that the County of Santa Clara is a County duly organized and existing under the laws of the State of California. Defendants deny the remaining allegations contained in this Paragraph of the FAC.

6. Answering the allegations of Paragraphs 5 and 6 of the FAC, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those paragraphs, and on that basis deny each and every allegation contained therein.

7. Answering the allegations of Paragraph 7 of the FAC, Defendants deny each and every allegation contained therein.

8. Answering the allegations of Paragraphs 8 of the FAC, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in that Paragraph, and on that basis deny each and every allegation contained therein.

9. Answering the allegations of Paragraph 9-14 of the FAC, Defendants deny each and every allegation contained therein.

10. Answering the allegations of Paragraph 15 of the FAC, Defendants admit Plaintiff was required to comply with the tort claims statute, admit that plaintiff filed a claim and admit that Plaintiff's claim was denied by the County. Defendants deny the remaining allegations contained in this Paragraph of the FAC.

11. Answering the allegations of the second Paragraph 1 of the FAC, which Paragraph appears at 5:5 of the FAC, Defendants re-allege their responses to Paragraphs 1-4 and 15 above and incorporate those responses by reference as though fully set forth herein.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money          2          C 08-00125 PVT

12. Answering the allegations of the second Paragraphs 2 and 3 of the FAC, which Paragraphs appear at 5:7-18 of the FAC, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in those Paragraphs, and on that basis deny each and every allegation contained therein.

13. Answering the allegations of the second Paragraphs 4 through 11 of the FAC, which Paragraphs appear at 5:19-6:21 of the FAC, Defendants deny each and every allegation contained therein.

14. Answering the allegations of the third Paragraph 1 of the FAC, which Paragraph appears at 7:4 of the FAC, Defendants re-allege their responses to Paragraph 1-6 of the Second Cause of Action and incorporate their responses to those allegations as though fully set forth herein.

15. Answering the allegations of the third Paragraph 2 of the FAC, which Paragraph appears at 7:5-11 of the FAC, Defendants admit that Plaintiff wrote a letter dated February 20, which letter is attached as an Exhibit to Complaint and deny all remaining allegations contained in this Paragraph of the FAC.

16. Answering the allegations of the third Paragraph 3 of the FAC, which Paragraph appears 7:12-16 of the FAC, Defendants deny each and every allegation contained therein.

17. Answering the allegations of the third Paragraph 4 of the FAC, which Paragraph appears at 7:17-20 of the FAC, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis deny each and every allegation contained therein.

18. Answering the allegations of the third Paragraphs 5 through 7 of the FAC, which Paragraphs appear at 7:21-8:11 of the FAC, Defendants deny each and every allegation contained therein.

19. Answering the allegations of the fourth Paragraph 1 of the FAC, which Paragraph appears at 8:23 of the FAC, Defendants re-allege their responses to Paragraph 1 through 5 of the Second Cause of action and incorporate those responses by reference as though fully set forth herein.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money         3         C 08-00125 PVT

20. Answering the allegations of the fourth Paragraphs 2 through 3 of the FAC, which Paragraphs appear at 8:24-9:7 of the FAC, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis deny each and every allegation contained therein.

21. Answering the allegations of the fourth Paragraphs 4 through 12 of the FAC, which Paragraphs appear at 9:8-10:14 of the FAC, Defendants deny each and every allegation contained therein.

22. Answering the allegations of the fifth Paragraphs 1 through 3 of the FAC, which Paragraphs appear at 10:23-11:9 of the FAC, Defendants deny each and every allegation contained therein.

23. Answering the allegations of the fifth Paragraph 4 of the FAC, which Paragraph appears at 11:11-13 of the FAC, Defendants admit that FAC contains the claims enumerated in this Paragraph of the FAC. Defendants deny all remaining allegations contained in this paragraph of the FAC.

24. Answering the allegations of fifth Paragraph 5 of the FAC, which Paragraph appears at 11:14-16 of the FAC, Defendants are without sufficient information to form a belief as to the truth of the allegations contained in this Paragraph, and on that basis deny each and every allegation contained therein.

25. Answering the allegations of the fifth Paragraph 6 of the FAC, which Paragraph appears at 11:17 of the FAC, Defendants admit that state courts may take jurisdiction over matter arising under 28 U.S.C. § 1983 and deny all remaining allegations contained in this paragraph of the FAC.

26. Answering the allegations of the fifth Paragraph 7 of the FAC, which Paragraph appears at 11:18, Defendants admit that the actions taken by defendants were taken in Santa Clara County. Defendants deny all remaining allegations contained in this paragraph of the FAC.

27. Answering the allegations of the fifth Paragraphs 8 through 11 of the FAC, which Paragraphs appear at 11:19-12:11 of the FAC, Defendants are without sufficient information to

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money        4        C 08-00125 PVT

form a belief as to the truth of the allegations contained in this Paragraph, and on that basis deny each and every allegation contained therein.

28. Answering the allegations of Paragraph 12 of the FAC, which Paragraph appears at 12:9 of the FAC, Defendants re-allege their responses to the allegations contained in Paragraphs 1-5 and 14 from the First Cause of Action and incorporate those responses by reference as though fully set forth herein.

29. Answering the allegations of Paragraph 13-15 of the FAC, which Paragraphs appear at 12:10-24 of the FAC, defendants deny each and every allegation contained therein.

30. Answering the allegations of Paragraph 16 of the FAC, which Paragraph appears at 12:26-27, Defendants re-allege their responses to the allegations contained in Paragraphs 1-14 of the Fifth Cause of action and incorporate their responses by reference as though fully set forth therein.

31. Answering the allegations of Paragraphs 17 through 22 of the FAC, which Paragraphs appear at 12:28-22 of the FAC, Defendants deny each and every allegation contained therein.

32. Answering the allegations of the exemplary damages attachments to the FAC, Defendants deny each and every allegation contained therein.

33. Responding to the prayers for relief, Defendants deny that Plaintiff is entitled to any relief whatsoever, and further deny that Plaintiff has suffered any injury at all. Wherefore, Defendants pray for judgment in their favor as hereafter set forth.

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State A Claim)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, defendant alleges that neither the Complaint nor any of its purported causes of action state facts sufficient to constitute a claim upon which relief can be granted.

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money                5                              C 08-00125 PVT

### SECOND AFFIRMATIVE DEFENSE

(Comparative Fault--Plaintiff)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, defendant alleges that plaintiff was careless, negligent and at fault in and about the matters complained of, and that such carelessness, negligence and fault proximately and concurrently caused the alleged damages sustained by plaintiff. Under principles of comparative fault, plaintiff must bear sole, or partial, responsibility for his alleged injuries, damages or other alleged loss, if any there be, using a percentage allocation of plaintiff's fault or negligence.

### THIRD AFFIRMATIVE DEFENSE

(Comparative Fault of Third Persons)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, defendant alleges that the happening of the incidents complained of, and the loss and damage, if any, which plaintiff allegedly sustained, were caused wholly or in part by the fault of persons, firms, corporations, or entities other than answering defendant, and such fault is imputed to plaintiff and either eliminates or comparatively reduces the percentage of fault, if any, of answering defendant with respect to the matters complained of in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

(Actual Cause)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that the acts alleged in the Complaint, on the part of the answering defendant, did not actually cause the injuries complained of by plaintiff. As such, answering defendant is not liable for the injuries complained of herein.

///

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money                6                C 08-00125 PVT

## FIFTH AFFIRMATIVE DEFENSE

(Proximate Cause)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that there is no proximate causation to link the injuries complained of by plaintiff with any actions on the part of this answering defendant, if any there may be, as alleged in the Complaint. As such, answering defendant is not liable for the injuries complained of.

## SIXTH AFFIRMATIVE DEFENSE

(Discretionary Immunity)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that any acts on the part of answering defendant were discretionary, and not ministerial in nature. As such, answering defendant is not liable for the injuries complained of herein.

## SEVENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that each and every cause of action of the Complaint is barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that plaintiff has failed to mitigate any or all of the damages alleged in the Complaint, and is thereby precluded from recovering those damages which could have reasonably been avoided by the exercise of due care on plaintiff's part.

///

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money        7        C 08-00125 PVT

## NINTH AFFIRMATIVE DEFENSE

(Estoppel)

As a separate, distinct and affirmative defense to the Complaint, answering defendant alleges that each and every cause of action of the Complaint is barred in that plaintiff is estopped from recovering the amounts claimed, or any amount at all.

## TENTH AFFIRMATIVE DEFENSE

(Waiver)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that each and every cause of action in the Complaint is barred in that plaintiff has waived any rights he may have had to the amounts claimed, or any amount at all.

## ELEVENTH AFFIRMATIVE DEFENSE

(Punitive Damages)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that he is not liable for punitive or exemplary damages.

## TWELFTH AFFIRMATIVE DEFENSE

(Acts In Good Faith)

As and for a separate and distinct affirmative defense to the Complaint, answering defendant alleges that he was at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that plaintiff may have is barred by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Immunity)

As and for a separate and distinct affirmative defense to the Complaint, answering defendant alleges that the Complaint should be dismissed because defendant is immune and/or entitled to qualified immunity based on the applicable federal and state laws and case law.

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money        8        C 08-00125 PVT

## FOURTEENTH AFFIRMATIVE DEFENSE

(Privileged/Justified Conduct)

As and for a separate and distinct affirmative defense to the Complaint, answering defendant alleges that his conduct at all times material herein was privileged and/or justified under applicable law.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Federal: Claim for Relief Fails)

As and for a separate and distinct affirmative defense to the Complaint, answering defendant alleges that the entire Complaint fails to allege facts sufficient to state a claim for relief.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Frivolous, Vexatious Claim)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that plaintiff's action is frivolous and vexatious, and not brought with reasonable cause, thus entitling answering defendant to an award of attorney's fees and costs.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a separate, distinct and affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that the plaintiff is barred from obtaining injunctive relief or other equitable relief by reason of the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(California Tort Claims Act)

As a separate and distinct affirmative defense to the Complaint, answering defendant alleges that this action is barred by the California Tort Claims Act and California case law.

///

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money          9          C 08-00125 PVT

## NINETEENTH AFFIRMATIVE DEFENSE

(Government Code)

As a separate and distinct affirmative defense to the Complaint, and to each and every cause of action contained therein, this answering defendant asserts all of the affirmative defenses provided in Government Code Sections 810 to 1000, including but not limited to Sections 815, 815.2, 815.6, 818, 818.6, 818.8, 820.2, 820.8, 821.4, 822.2, 840 and 840.6.

## TWENTIETH AFFIRMATIVE DEFENSE

(Tort Claims Act)

As a separate and distinct affirmative defense to the Complaint, and to each and every cause of action contained therein, answering defendant alleges that plaintiff has failed to comply with Government Code Sections 905 - 945.4.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Immunity)

As and for a separate and affirmative defense to the Complaint on file herein, answering defendant alleges immunity from liability under 42 U.S.C. § 1983.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(State and Federal Immunities)

As and for a separate and affirmative defense to the Complaint on file herein, answering defendant alleges that plaintiff's claims are barred by the defenses and immunities laid out in state and federal law, including but not limited to California Government Code Sections 844.6, 820.4, 815, 815.2(b), 818.2, 821, 820.2, 835.4, 840.6, 845.6, 855.6, 855.8, 856, 845.2, 815.6, 845.8 and 830.6.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Compliance With State and Federal Law)

As and for a separate and affirmative defense to the Complaint, answering defendant alleges that all actions taken by answering defendant comported with State and Federal law.

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money            10            C 08-00125 PVT

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(No Deprivation of Rights)

As and for a separate and affirmative defense to the Complaint on file herein, answering defendant denies that he deprived plaintiff of any rights, privileges or immunities granted by the laws or Constitution of the United States, or by the laws or Constitution of the State of California.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Immunity--Good Faith Belief)

As and for a separate and affirmative defense, answering defendant alleges that at all times alleged, he acted within the scope of discretion with due care, in good faith fulfillment of his responsibilities, pursuant to applicable statutes, rules, regulations and practices, within the bounds of reason, under all circumstances known to him, and with the good faith belief that his actions comported with all applicable Federal and State Law, and, therefore, asserts immunity from liability.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Immunity--No Established Constitutional Rights)

As and for a separate and affirmative defense, answering defendant alleges that at the time of the events alleged by plaintiff there were no clearly established constitutional rights of which answering defendant knew, or should have known, which required answering defendant to act differently than he did in fact act. Answering defendant, therefore, alleges immunity from liability.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Immunity--No Malicious Intent)

As and for a separate and affirmative defense, answering defendant alleges that he did not act with malicious intent or deprive the plaintiff of any constitutional rights, or to cause him other injury. Answering defendant therefor alleges immunity from liability.

///

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money    11    C 08-00125 PVT

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Immunity--Good Faith Reliance)

As and for a separate and affirmative defense to the Complaint on file herein, answering defendant alleges that, if he performed any acts or omissions alleged in the Complaint, he did so in good faith reliance upon, and enforcement of, legitimate laws, rules and regulations. Answering defendant, therefore, asserts immunity from liability.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Lack of Malice, Willfulness or Fraud)

As and for a separate and affirmative defense, answering defendant alleges that at no time did he act maliciously, willfully or fraudulently to violate plaintiff's constitutional rights.

### THIRTIETH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

As a separate, distinct and affirmative defense, answering defendant alleges that plaintiff had the express knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards, and thereafter knowingly, willingly and voluntarily assumed those risks.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Implied Assumption of the Risk)

As a separate, distinct and affirmative defense, answering defendant alleges that plaintiff had knowledge of the risks and hazards set forth in the Complaint, as well as the magnitude of the risks and hazards, and thereafter knowingly, willingly and voluntarily assumed those risks by his conduct.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Punitive Damages)

As a separate, distinct and affirmative defense to the complaint, and to each and every cause of action contained therein, these answering defendants allege that they are not liable for punitive or exemplary damages.

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money     12     C 08-00125 PVT

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Non-Compliance With "Claim" Presentation)

As and for a separate and distinct affirmative defense to the complaint, these answering defendants allege that plaintiff fails to set forth facts sufficient to state a cause of action due to a failure to comply with the claim requirements of the California Government Code.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(*Monell* Liability)

As and for a separate and affirmative defense to the Complaint, these answering defendants allege that plaintiff's Complaint fails to state any Constitutional cause of action against them because of the failure to plead the necessary requisites of a cause of action as stated in *Monell v. Department of Social Services* (1978) 436 U.S. 658.

WHEREFORE, Defendants pray for judgment against plaintiff as follows:

1. That plaintiff take nothing by way of his Complaint;
2. That the Complaint be dismissed with prejudice;
3. That judgment be entered in favor of Defendants;
4. That all costs of suit, including attorney's fees, be awarded to Defendants; and
5. That the Court award such other and further relief as this Court may deem just and proper.

Dated: January __, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By: ____/S/____
MARCY L. BERKMAN
Deputy County Counsel

Attorneys for Defendants
JOHN G. VARTANIAN, III
AND MARY MURPHY

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Answer of Defendants Vartanian and Murphy
to First Amended Complaint for Money         13         C 08-00125 PVT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**PROOF OF SERVICE BY MAIL**

*CLIFFORD M. GOVAERTS v. SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10.*

USDC Case No. C 08-00125

Superior Court Case No. 1-07-CV-095874

    I, Cassaundra M. Foster, say:

    I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **ANSWER OF DEFENDANTS VARTANIAN AND MURPHY TO FIRST AMENDED COMPLAINT FOR MONEY** by placing said copy in an envelope addressed to:

Clifford Govaerts
P.O. Box 2294
Cupertino, CA. 95015

which envelope was then sealed, with postage fully prepaid thereon, on **January 8, 2008,** and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 8, 2008**, at San Jose, California.

*/s/ Cassaundra M. Foster*
Cassaundra M. Foster

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

108873.wpd

Proof of Service by Mail     1     Superior Court Case No. 1-07-CV-095874