1  ANN MILLER RAVEL, County Counsel (S.B. #62139)
   MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
2  OFFICE OF THE COUNTY COUNSEL
   70 West Hedding, East Wing, 9th Floor
3  San Jose, California 95110-1770
   Telephone: (408) 299-5900
4  Facsimile: (408) 292-7240

5  Attorneys for Defendants
   JOHN G. VARTANIAN, III and MARY MURPHY

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 CLIFFORD M. GOVAERTS,            )   No. C 08-00125 RMW
                                    )
12         Plaintiff,                )   **CASE MANAGEMENT STATEMENT
                                    )   BY DEFENDANTS VARTANIAN AND
13 v.                               )   MURPHY**
                                    )
14 SANTA CLARA COUNTY               )   DATE:  May 2, 2008
   DEPARTMENT OF CHILD SUPPORT      )   TIME:  10:30 a.m.
15 SERVICES; MARY MURPHY, ATTY;     )   DEPT:  6
   JOHN G. VARTANIAN, III, COUNTY   )   JUDGE: Hon. Ronald M. Whyte
16 OF SANTA CLARA; MELODY           )
   GRANDELL; AND DOES 1-10,         )
17                                  )
                                    )
18         Defendants.              )
                                    )

19

20      Defendants John Vartanian III ("Vartanian") and Mary Murphy ("Murphy")(collectively

21 "Defendants") submit this Case Management Conference Statement and request that the court

22 adopt it as its Case Management Order. Plaintiff Clifford M. Govaerts ("Govaerts") did not

23 participate in the formation of this Case Management Conference Statement.[1]

24
---

[1] Plaintiff Govaerts (State Bar # 73624) never contacted defense counsel to meet and confer as required preparatory to the Case Management Conference. On April 22, 2008, Deputy County Counsel Marcy L. Berkman attempted to contact Goaverts via telephone and left him a voicemail message that reminded him of the upcoming CMC and his right and obligation to participate in the formation of this statement and requested that he call her. At approximately 4pm on April 23, Mr. Govaerts returned her call, indicated he had not previously been aware of the upcoming CMC and advised that he would be

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy          -1-          C 08-00125 RMW

**1.    JURISDICTION AND SERVICE**

No County-affiliated Defendants were properly served. Defendants Vartanian and Murphy voluntarily accepted service. Defendant County has not been served. The Department of Child Support Services ("DCSS") is a department of the County and is not a separate entity capable of being sued – it has therefore been improperly named as a defendant. Defendant Melody Grandell (Plaintiff's ex-wife) is not a County- affiliated party and is not represented by counsel for the County.

Plaintiff's First Amended Complaint ("FAC") asserts a claim for relief under 42 U.S.C. § 1983 as well as several state tort claims. Accordingly, this court has jurisdiction over the federal claim and the pendant state tort claims.

**2.    FACTS**

**A.    PLAINTIFF'S EX-WIFE COMMENCED ENFORCEMENT PROCEEDINGS FOR ARREARAGES IN CHILD SUPPORT AND SPOUSAL SUPPORT.**

Govaerts's ex-wife commenced enforcement proceedings to enforce child and spousal support orders.

**B.    PLAINTIFF SOUGHT TO STAY ENFORCEMENT OF ARREARS.**

In April 2006, Govaerts' attorney contacted Defendant Murphy requesting that the Department of Child Support Services cease enforcement of arrears. Defendant Murphy explained that enforcement could not be stopped without the consent of the custodial parent (here, Govaerts' ex-wife, Defendant Grandell). Govaerts' ex-wife was unwilling to stay enforcement. She explained that Goaverts – her ex-husband – had recently sold a house and had the resources to pay the arrears.

In April 2006, Govaerts filed an *ex parte* application seeking to stay enforcement of arrears. Govaerts' supporting papers set forth several scenarios for amounts that he might be found to owe his ex-wife in child support/spousal support arrears, with the highest of those amounts being approximately $23,000. The court issued temporary orders for DCSS to cease

submitting his own separate CMC statement.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy              -2-                              C 08-00125 RMW

1  all enforcement on the arrears but continue collecting up to 25% of Govaerts' social security
2  disability benefit and set the matter for a June 6, 2006 hearing.

### C. IN APRIL 2006, ALL ENFORCEMENT OF ARREARS WAS STOPPED.

Accordingly, in April 2006, Defendant Murphy instructed that all enforcement of arrears was deactivated, thus there was to be no credit reporting, no reporting to SLIMS (license revocation) and no tax intercept.[2]

### D. IN MAY 2006, DEFENDANT MURPHY LEARNED FROM GOVAERTS' EX-WIFE THAT SHE WAS SEEKING TO ENFORCE ONLY $6,894 IN ARREARS.

In late May 2006, Defendant Murphy learned from Govaerts' ex-wife that the total amount of arrears in child support/spousal that Govaerts' ex-wife was seeking to enforce was only approximately $6,894.

### E. ON JUNE 1, 2006, DEFENDANT MURPHY ADVISED THE COURT THAT THE AMOUNT OF ARREARS WAS ONLY $6,894 AND THE COURT CONTINUED GOVAERTS' APPLICATION TO STAY ENFORCEMENT TO A SETTLEMENT CONFERENCE IN JULY 2006.

On or about June 1, 2006, in response to Govaerts' application for an order staying enforcement of arrears, Defendant Murphy filed a declaration with the court advising that the amount of arrears was only $6,894. On June 6, 2006, the court conducted a hearing on Govaerts' application to stay enforcement of the child support/spousal support arrears. Defendant Murphy, Govaerts and Govaerts' attorney were all present at that hearing. Govaerts' ex-wife attended telephonically. The matter was continued to July 2005 for a settlement conference. Pursuant to stipulation of the parties, it was ordered that pending the July 2005 settlement conference $566/month would continue to be withdrawn from Govaerts' social security disability; neither Govaerts nor his wife would access retirement funds prior to the next

---

[2] The Franchise Tax Board conducts two different types of enforcement. Due to a data-input error, although the intent was to stop all FTB enforcement, inadvertently only the first of two required screens was input. In August 2006 the FTB garnished $101.53. Thereafter, that error was corrected to ensure FTB would cease all aspects of its tax enforcement as had been originally intended.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy          -3-          C 08-00125 RMW

1  hearing; and, until the July 2005 settlement conference there would be no further enforcement
2  of arrears.

3      **F.    IN LATE JUNE 2006, GOAVERTS ATTEMPTED TO COMMIT
4             SUICIDE FOR AT LEAST THE SECOND TIME IN UNDER A YEAR.**

5      In June 2006, Govaerts' ex-wife reported that in late June 2006, Govaerts had tried to
6  commit suicide. According to the stay application that Govaerts filed with the court in April
7  2006, he had also previously tried to commit suicide in December 2005.

8      **G.    AT THE JULY 2006 SETTLEMENT CONFERENCE, A
9             STIPULATED AGREEMENT WAS REACHED REGARDING
           ONGOING PAYMENTS, ALL MOTIONS WERE TAKEN OFF
           CALENDAR AND THE COURT RETAINED JURISDICTION TO
10            DECIDE THE QUESTION OF ARREARS AT A LATER DATE.**

11     On or about July 20 or 21, 2006, the Court conducted a settlement conference.
12 Defendant Murphy and Govaerts' attorney were present in court for a settlement conference.
13 Govaerts' attorney could not reach Govaerts. By stipulated order based upon Govaerts' mental
14 condition, the court modified child support to $566 as of June 1, 2006, took all pending motions
15 off calender without prejudice, and reserved jurisdiction to determine the child support and
16 spousal support arrears at a later date.

17     **H.    GOVAERTS PROVIDED SUPPORTING DOCUMENTATION
           THAT HE HAD OVERPAID HIS 2006 PAYMENTS. AFTER
18            CONFIRMING THAT OVERPAYMENT WITH HIS EX-WIFE
           AND CONFERRING REGARDING WHETHER OR NOT SHE
19            STILL WISHED TO COLLECT THE OUTSTANDING ARREARS,
           COLLECTION OF THE ONGOING $566/MONTH WAS CEASED
20            UNTIL THE $2,062 OVERPAYMENT WAS CURED.**

21     In December 2006, Govaerts sent a letter stating he believed he had overpaid his
22 ongoing child support payments (in part because of a direct check he had sent to his wife of
23 which DCSS had not been advised) and provided supporting documentation. Following a
24 review, it was determined that for the time period of January 2006 through January 2007,
25 Govaerts had overpaid his child support payments by approximately $2,062.

26     Since the amount of the arrears incurred prior to June 1, 2006 and still owing ($6,894)
27 exceeded the amount of Govaerts' overpayment, and since the court had reserved jurisdiction
28 over the arrears, Defendant Murphy conferred with Govaerts' ex-wife regarding whether

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy    -4-    C 08-00125 RMW

Govaerts' ex-wife still wished to enforce the outstanding arrears. After considering the matter, Govaerts' ex-wife ultimately decided that she did not want to try to collect the arrears.

Accordingly, on or about February 12, 2007, Defendant Murphy wrote a letter to Govaerts summarizing the accounting and overpayment of the ongoing payments and explained that it would be credited against ongoing child support and ongoing child support would not be collected until the approximately $2,062 overpayment was cured.

### I. IN FEBRUARY 2007, GOVAERTS WROTE TO DEFENDANT MURPHY COMPLAINING THAT THE BILLING STATEMENTS SENT OUT IN APRIL, JUNE AND SEPT 2006 HAD BEEN ERRONEOUS.

Shortly thereafter, in February 2007, Govaerts wrote to Ms. Murphy stating that the billing statements previously sent out in June and August had indicated approximately $43,000 to $46,000 in arrearage and contending that the purpose of those billing statements must have been to extort and pressure him. Because Defendant Murphy had instructed in April 2006 that all enforcement cease on the arrears, she had been unaware until after receiving Govaerts' letter that billing statements had continued to be sent out. She only subsequently discovered that instructing that all enforcement measures be ceased on arrears does not also automatically suppress generation of further billing statements. Nor, until receiving Govaerts' letter had Defendant Murphy been previously aware that the information shown on the billing statements (which she had not known were continuing to be sent) showed an incorrect amount of arrears rather than the $6,984 in arrears that had been set forth in her June 1, 2007 declaration filed with the court, which amount was the only amount at issue. In March 2007, Defendant Vartanian spoke with Plaintiff Govaerts. Govaerts confirmed the accounts had been corrected. On October 2007, Plaintiff filed suit.

**3.    LEGAL ISSUES** - Defendants dispute the legal allegations set forth by Govaerts. Other legal issues include Govaerts' failure to properly comply with the Tort Claims Act with respect to his pendant state tort claims, failure to state a claim and the applicability of various immunities.

**4.    MOTIONS -** Defendants anticipate filing a summary judgment motion.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy    -5-    C 08-00125 RMW

5. **AMENDMENT OF PLEADINGS** - None anticipated by Defendants.

6. **EVIDENCE PRESERVATION** - Copies of documents have been preserved.

7. **DISCLOSURES** - Plaintiff Govaerts failed to provide any evidentiary disclosures. Defendants request that the Court address this subject at the CMC.

8. **DISCOVERY** - Plaintiff has failed to participate in the exchange of any discovery processes in this matter. Defendant request that a future case management conference be set to determine the time-line and scope of discovery, if required.

9. **CLASS ACTIONS** - N/A

10. **RELATED CASES** - None known.  This case was removed from superior court.

11. **RELIEF -** Defendants anticipate filing a dispositive summary judgment motion.

12. **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR)**

    Pursuant to ADR Local Rule 3-3(c) and Civil Local Rule 7, Defendants have filed a motion requesting to be relieved from the automatic assignment to multi-option ADR on the basis that they believe this case will be properly disposed of by summary judgment motion and ADR will, therefore, not be efficient or useful at this juncture.

13. **MAGISTRATE JUDGE** - Defendants do not consent to the assignment of this matter to a magistrate judge for trial.

14. **OTHER REFERENCES** - Defendants submit that this case is presently not suitable for reference to binding arbitration, a special master, judicial panel or multidistrict litigation.

15. **NARROWING OF ISSUES -** None

16. **EXPEDITED SCHEDULE** - None

17. **SCHEDULING** - Defendants suggest a further CMC be set 120 days out.

18. **TRIAL** - Defendants request evaluating trial setting be deferred until their summary judgment motion.

19. **DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

    None as to Defendants

/ /

/ /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy -6- C 08-00125 RMW

**20.    MISCELLANEOUS MATTERS  -** None as to Defendants

Dated: April 23, 2008                                              Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By:    _____/S/_____
MARCY L. BERKMAN
Deputy County Counsel

Attorneys for Defendants
JOHN G. VARTANIAN, III and
MARY MURPHY

123226.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy                -7-                                C 08-00125 RMW