CLIFFORD M. GOVAERTS, SBN 073624
P.O. BOX 2294
CUPERTINO, CA 95015
TELEPHONE: (408) 253-1921
FAX: (408) 877-1649
Pro per

**FILED**

2008 MAY -1 P 3: 45

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD M. GOVAERTS )<br>Plaintiff )<br>)<br>vs. )<br>)<br>)<br>)<br>)<br>Santa Clara County Department of )<br>Child Support Services; )<br>Mary Murphy, Atty; )<br>John G. Vartanian, III, )<br>County of Santa Clara; )<br>Melody Grandell; and )<br>Does 1-10 _____) | No. C 08-00125 RMW<br><br>CASE MANAGEMENT STATEMENT BY PLAINTIFF AND OPPOSITION TO MOTION TO DENY ADR BY CLIFFORD M. GOVAERTS<br><br>DATE; May 2, 2008<br>TIME: 10:00 AM.<br>DEPT 6<br>JUDGE Hon. Ronald M. Whyte |

Plaintiff Clifford M. Govaerts (Plaintiff) submits this Case Management Conference Statement and requests that the court adopt it as his Case management Order. Defendants did not participate in the formation of this cases Management Conference Statement noir did they contact Plaintiff too meet and confer. Plaintiff received no notice from this Court nor from opposing counsel of the scheduling of this conference prior to April 22, 2008.

### OVERVIEW OF CASE

Named defendants in this case, except for Plaintiff's ex-spouse Melody Grandell ("Grandell") are agents or agencies of the County of Santa Clara, which is also a named defendant. Their stated mission is to promote " the well-being of children" and to, in pursuing

their functions, "treat everyone with kindness and compassion". Defendant the Santa Clara County Department of Child Support Services, ("DCSS") is a separate and independent local support agency formed under California Family Code § 17304, and appearing Defendants Mary Murphy ("Murphy") and Robert G. Vartanian III ("Vartanian"), alleged to be the supervisor of Murphy, are licensed attorneys and county employees, a county where the newly-elected District Attorney formed a special legal ethics unit to counter the "win at any cost" attitude used by the media to describe county prosecutors. The Californi State Bar is pursuing action against one County DA. The recent decision of the Ninth Circuit in <u>Beltran v. Santa Clara County,</u> (2008) 514 F. 3d. 906, holding that there is no longer an absolute prosecutorial immunity where evidence is fabricated, is an indication that the local concern may not limited to county attorneys. This case is further evidence of the reality of the problem.

Plaintiff, a tax lawyer of thirty years with no civil litigation experience to speak of, was the target of Defendants' fabricated child support claims, which claims, despite the recent allegations to the contrary by Defendants Murphy and Vartanian, have never been corrected. Plaintiff is now the target of Santa Clara County Counsel, and despite its clients' mission statement, ignores the Santa Clara County Bar Associations Code of Professional Conduct § 17 direction to respect the privacy of the parties by sharing private information of no relevance to this matter. As part of this status conference, Plaintiff will seek this count's assistance to level the playing field to stop further wrongful disclosures by Defendants and so that future families are not subject to similar mistreatment by either DCSS nor by other county agents or agencies.

## PROCEDURAL STATEMENTS

Plaintiff did not learn of this status conference until last week. After several attempts to get through to appearing Defendants' counsel, whose direct voicemail is inaccessible, Plaintiff called the Court clerk and was told that only the ADR motion was calendared. Earlier this week, Plaintiff was able to confirm tomorrow status conference and has been prevented by client matters from filing this statement sooner.

Had Defendants disclosed to Plaintiff their intent to make the disclosure of alleged, private facts stated in their Case Management Statement on page 4 lines 5-7, Plaintiff would have reminded of their professional, moral and equitable bar to such disclosure. Plaintiff intends to seek a protective order to strike such statements and to bar future disclosures to

protect the privacy of his family and, especially his minor child, consistent with the Fourteenth Amendment's protection of family association, among other things.

Defendant DCCS has refused to answer Plaintiff's complaint yet it is clearly a "Public Entity" under CA Government Code § 811.2. Plaintiff timely served Defendant County through its Chief Executive Officer Peter Kutras, Jr., at the County's principal office, and under CA CCP § 416.50, jurisdiction under his ostensible authority is established. Plaintiff intends to notify County Counsel of his intent to take the default of these parties if they continue to refuse to file their response.

Plaintiff and Grandell were parties to a bitter Family Court preceding. Plaintiff believes she may be a necessary party in this action. She also has been served but has not filed an effective response. The other Defendants may be willing to stipulate to Grandell's dismissal assuming certain admissions can be secured along with the production of the initial DCSS input questionnaire, and other relevant documents which Grandell may have in support of such admissions. The avoidance of the likely continuation of the hostility between these former spouses will minimize further injury to the family and facilitate a more orderly resolution of this case. Otherwise, Plaintiff will need to notify Grandell of his intent to take her default.

## GENERAL OBJECTION TO MOTION TO WAIVE ADR

The motion to avoid ADR filed by Murphy and Vartanian in this matter should be denied under Local Rule 3A as not all parties have appeared. Furthermore, it is unlikely said defendants will make a motion for summary judgment which will implicitly confirm that Defendants, as members of the State Bar have fabricated claims. In addition, the fact that named defendants have refused to file responsive pleadings and that those that have, have raised thirty-three affirmative defenses, make it clear that some form of ADR may help to focus this case, resolve the privacy issues, and facilitate discovery which will include Plaintiff's attempt, through seeking other complaints against DCSS, confirm the pattern of abuses reported by Family attorneys Plaintiff has consulted. In addition, the tragic loss of life in the very public and recent challenges to the County's juvenile justice system provides an example of how the exceptional circumstances in this case make at least the appointment of a Special Master under Federal Rules of Court §53 appropriate and within the discretion of this Court.

## SUMMARY OF KEY FACTS AND DENIAL OF ALLEGATIONS OF DEFENDANTS

Due to the short notice of this matter and the unavoidable delay in filing this statement, Petitioner can only summarize the key facts of his complaint and supplement the facts by noting that Plaintiff only learned in the last few months that Grandell had never sought the elevated child support figure used by Murphy and DCSS, that when she had pointed out to them the error in their claim, said Defendants continued to harass Plaintiff for such fabricated amount, pushing Plaintiff over the edge in June 2006. Said defendants statement of facts in their recently file status conference statement is simple not true. In addition, at no time have Defendants confirmed their agreement that the alleged back support of over $42,000 is not due. All they have done is to state that they have reserved the issue for a later determination.

Summarizing the key facts, after a bitter, four day trial, numerous subsequent hearings as Grandell refused to honor her agreement to sell the family residence, to sign the listing agreement and to facilitate the sale's closing, child support and visitation issues became the new battle ground between the parties in early 2005 when Plaintiff's employer restructured, reducing Plaintiff's income by 60% and giving him 6 months to find new employment. Plainitiff filed a motion seeking reduction of his child support setting hearing dates where Grandell refused to seek legal counsel. Plaintiff continued to pay child support from his net spendable income, at rates higher that what the likely modified amount, routinely made retroactive by the Family court. At the urging of the Court, he retained his own counsel in late 2005.

Contrary to Defendants' new assertions, it is believed that Grandell went to DCSS and Murphy in late 2005 when no more than $2,000 in back child support was due, at a time when Plaintiff was out of work. Murphy contacted Plaintiff's counsel prior to February 2006, demanding the payment of approximately $42,000 in back child support. She continued this wrongful assertion though at least the hearing in early June 2006, leading both Plaintiff's Counsel, Plaintiff (who did not attend the hearing, and the Court to believe that $42,000 was due. Plaintiff now knows that Grandell had told Murphy that such was not the case and that Murphy, under color of authority, was pursuing her own "win at all costs" campaign. There were no, as Defendants now allege, data-entry problems nor bogus billings. Defendants always

intended to harass, and did harass Plaintiff for the fabricated sums until they succeeded in pushing him over the edge.

Even in October 2006 after Plaintiff returned from the home of his father in Southern California., Murphy and DCSS would not correct their fabricated numbers, and would only concede that they would not seek payment at that time of accrued and unpaid support as of June 1, 2006. Grandell to this day has made no attempt to collect the $2,000 principal due, knowing that Plaintiff's still pending modification motion would zero out such amount.

The alleged facts in Defendants statement are merely another attempt to cover up their misconduct.

## OTHER MATTERS

1. **AMENDMENT OF PLEADINGS** - Not all Defendants have filed answers. Responding Defendants has alleged the need for an amendment and Plaintiff may amend once all Defendants have answered

2. **EVIDENCE PRESERVATION** - Copies of documents have been preserved.

3. **DISCLOSURES** – Not all Defendants have filed answers and Plaintiffs wishes to avoid multiple evidentiary disclosures.

4. **DISCOVERY** - Not all Defendants have filed answers and Plaintiff is unable to participate in the exchange of full discovery until they do.

5. **CLASS ACTIONS** - N/ A

6. **RELATED CASES** - None known. This case was removed from superior court.

7. **RELIEF** - Plaintiff anticipate filing a motion to seal confidential and private health data.

8. **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR).**
Plaintiff believes, as stated above that some form of ADR or the appointment of a special master would be useful. Plaintiff requests that Defendants' motion against ADR be denied.

9. **MAGISTRATE JUDGE** - Defendants do not consent to the assignment of this matter to a

magistrate judge for trial.

10. **OTHER REFERENCES** - Plaintiff submits that this case is suitable for Non-binding arbitration or a special master.

11. **NARROWING OF ISSUES** - None

12. **EXPEDITED SCHEDULE** - None

13. **SCHEDULING** - Plaintiff suggest a further CMC be set 120 days out.

14. **TRIAL** - Defendants request evaluating trial setting be deferred until all parties have answered.

15. **DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff's children have interests in family privacy and association.

16. **MISCELLANEOUS MATTERS** - None known.

Respectfully submitted,

Clifford M. Govaerts, Pro Per

# PROOF OF SERVICE

## Declaration under Code of Civil Procedure § 1094.5

I, Clifford M. Govaerts, a resident of Santa Clara County, whose business address is P.O. Box 2294, Cupertino, CA 95015 this May 1, 2008

Served the following items:

In Federal District Court case of Clifford M. Govaerts vs Santa Clara County et al.

Case Management Statement and opposition to motion to deny ADR
Of Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

Marcy L. Berkman, Deputy County Counsel
Office of County Counsel
70 W. Hedding Road, East Wing
9th Floor
San Jose, CA 95110
Fax 408-292-7240

By fax and first class Mail

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: May 2, 2008

_____
Clifford M. Govaerts

1
Govaerts v. Santa Clara County et al