ANN MILLER RAVEL, County Counsel (S.B. #62139)
MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California  95110-1770
Telephone:  (408) 299-5900
Facsimile:  (408) 292-7240

Attorneys for Defendants
JOHN G. VARTANIAN, III and MARY MURPHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD M. GOVAERTS,<br><br>   Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10,<br><br>   Defendants. | No.  C 08-00125 RMW<br><br>**CASE MANAGEMENT STATEMENT BY DEFENDANTS VARTANIAN AND MURPHY**<br><br>DATE:   June 13, 2008<br>TIME:   10:30 a.m.<br>DEPT:   6<br>JUDGE:  Hon. Ronald M. Whyte |

Defendants John Vartanian III ("Vartanian") and Mary Murphy ("Murphy")(collectively "Defendants") submit this Case Management Conference Statement and request that the court adopt it as its Case Management Order.

At the first case management conference, Plaintiff Clifford M. Govaerts ("Plaintiff" or "Govaerts") advised that he planned to begin a search for counsel.  No substitution of counsel has been received, and Govaerts has not contacted defense counsel to advise that he has retained counsel.  On May 28, 2008, defense counsel left a voicemail for Govaerts (State Bar # 73624) reminding him of the May 30, 2008 deadline to meet and confer and submit this case management statement.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy           -1-                    C 08-00125 RMW

1. **JURISDICTION AND SERVICE**

Plaintiff's First Amended Complaint ("FAC") asserts a claim for relief under 42 U.S.C. § 1983 as well as several state tort claims. Accordingly, this court has jurisdiction over the federal claim and the supplemental state tort claims.

Defendant Melody Grandell (Plaintiff's ex-wife) is not a County-affiliated party and is not represented by counsel for the County. At the first Case Management Conference, Plaintiff indicated that he was considering voluntarily dismissing Ms. Grandell from the action. To date, defense counsel has received no notice that Plaintiff has dismissed Ms. Grandell from the action.

No County-affiliated Defendants were properly served. Defendants Vartanian and Murphy voluntarily accepted service. Defendant County has never been properly served. The Department of Child Support Services ("DCSS") is a department of the County and is not a separate entity capable of being sued – it has therefore been improperly named as a defendant.

Plaintiff has been repeatedly advised that the County may properly be served by submitting the summons and complaint to the clerk of the Board of Supervisors and that, once so served, the County will respond as the County of Santa Clara, also erroneously sued as the Department of Child Support Services. At the first Case Management Conference, Plaintiff indicated that it was his intent to attempt to default the County and the Department of Child Support Services. Plaintiff has not yet done so.

2. **FACTS**

A. **PLAINTIFF'S EX-WIFE COMMENCED ENFORCEMENT PROCEEDINGS FOR ARREARAGES IN CHILD SUPPORT AND SPOUSAL SUPPORT.**

Govaerts's ex-wife commenced enforcement proceedings to enforce child and spousal support orders.

B. **PLAINTIFF SOUGHT TO STAY ENFORCEMENT OF ARREARS.**

In April 2006, Govaerts' attorney contacted Defendant Murphy requesting that the Department of Child Support Services cease enforcement of arrears. Defendant Murphy explained that enforcement could not be stopped without the consent of the custodial parent

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy         -2-         C 08-00125 RMW

1  (here, Govaerts' ex-wife, Defendant Grandell).  Govaerts' ex-wife was unwilling to stay
2  enforcement.  She explained that Govaerts – her ex-husband – had recently sold a house and had
3  the resources to pay the arrears.

4  In April 2006, Govaerts filed an *ex parte* application seeking to stay enforcement of
5  arrears.  Govaerts' supporting papers set forth several scenarios for amounts that he might be
6  found to owe his ex-wife in child support/spousal support arrears, with the highest of those
7  amounts being approximately $23,000.  The court issued temporary orders for DCSS to cease
8  all enforcement on the arrears but continue collecting up to 25% of Govaerts' social security
9  disability benefit and set the matter for a June 6, 2006 hearing.

**C.  IN APRIL 2006, ALL ENFORCEMENT OF ARREARS WAS STOPPED.**

Accordingly, in April 2006, Defendant Murphy instructed that all enforcement of arrears be deactivated, thus there was to be no credit reporting, no reporting to SLIMS (license revocation) and no tax intercept.[1]

**D.  IN MAY 2006, DEFENDANT MURPHY LEARNED FROM GOVAERTS' EX-WIFE THAT SHE WAS SEEKING TO ENFORCE ONLY $6,894 IN ARREARS.**

In late May 2006, Defendant Murphy learned from Govaerts' ex-wife that the total amount of arrears in child support/spousal that Govaerts' ex-wife was seeking to enforce was only approximately $6,894.

**E.  ON JUNE 1, 2006, DEFENDANT MURPHY ADVISED THE COURT THAT THE AMOUNT OF ARREARS WAS ONLY $6,894 AND THE COURT CONTINUED GOVAERTS' APPLICATION TO STAY ENFORCEMENT TO A SETTLEMENT CONFERENCE IN JULY 2006.**

On or about June 1, 2006, in response to Govaerts' application for an order staying enforcement of arrears, Defendant Murphy filed a declaration with the court advising that the

---

[1] The Franchise Tax Board conducts two different types of enforcement.  Due to a data-input error, although the intent was to stop all FTB enforcement, inadvertently only the first of two required screens was input.  In August 2006 the FTB garnished $101.53.  Thereafter, that error was corrected to ensure FTB would cease all aspects of its tax enforcement as had been originally intended.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy            -3-                            C 08-00125 RMW

amount of arrears was only $6,894. On June 6, 2006, the court conducted a hearing on Govaerts' application to stay enforcement of the child support/spousal support arrears. Defendant Murphy, Govaerts and Govaerts' attorney were all present at that hearing. Govaerts' ex-wife attended telephonically. The matter was continued to July 2005 for a settlement conference. Pursuant to stipulation of the parties, it was ordered that pending the July 2005 settlement conference $566/month would continue to be withdrawn from Govaerts' social security disability; neither Govaerts nor his wife would access retirement funds prior to the next hearing; and, until the July 2005 settlement conference there would be no further enforcement of arrears.

**F.   IN LATE JUNE 2006, GOAVERTS ATTEMPTED TO COMMIT SUICIDE FOR AT LEAST THE SECOND TIME IN UNDER A YEAR.**

In June 2006, Govaerts' ex-wife reported that in late June 2006, Govaerts had tried to commit suicide. According to the stay application that Govaerts himself filed with the court in April 2006, Govaerts had also previously tried to commit suicide in December 2005.[2]

**G.   AT THE JULY 2006 SETTLEMENT CONFERENCE, A STIPULATED AGREEMENT WAS REACHED REGARDING ONGOING PAYMENTS, ALL MOTIONS WERE TAKEN OFF CALENDAR AND THE COURT RETAINED JURISDICTION TO DECIDE THE QUESTION OF ARREARS AT A LATER DATE.**

On or about July 20 or 21, 2006, the Court conducted a settlement conference. Defendant Murphy and Govaerts' attorney were present in court for a settlement conference. Govaerts' attorney could not reach Govaerts. By stipulated order based upon Govaerts' mental condition, the court modified child support to $566 as of June 1, 2006, took all pending motions off calender without prejudice, and reserved jurisdiction to determine the child support and spousal support arrears at a later date.

/ / /

/ / /

---

[2] Further, according to the general denial and affirmative defenses served by Ms. Grandell on the day of the first case management conference in this present action, Plaintiff has been in and out of mental institutions since January 2000.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy                    -4-                             C 08-00125 RMW

**H. GOVAERTS PROVIDED SUPPORTING DOCUMENTATION THAT HE HAD OVERPAID HIS 2006 PAYMENTS. AFTER CONFIRMING THAT OVERPAYMENT WITH HIS EX-WIFE AND CONFERRING REGARDING WHETHER OR NOT SHE STILL WISHED TO COLLECT THE OUTSTANDING ARREARS, COLLECTION OF THE ONGOING $566/MONTH WAS CEASED UNTIL THE $2,062 OVERPAYMENT WAS CURED.**

In December 2006, Govaerts sent a letter stating he believed he had overpaid his ongoing child support payments (in part because of a direct check he had sent to his wife of which DCSS had not been advised) and provided supporting documentation. Following a review, it was determined that for the time period of January 2006 through January 2007, Govaerts had overpaid his child support payments by approximately $2,062.

Since the amount of the arrears incurred prior to June 1, 2006 and still owing ($6,894) exceeded the amount of Govaerts' overpayment, and since the court had reserved jurisdiction over the arrears, Defendant Murphy conferred with Govaerts' ex-wife regarding whether Govaerts' ex-wife still wished to enforce the outstanding arrears. After considering the matter, Govaerts' ex-wife ultimately decided that she did not want to try to collect the arrears.

Accordingly, on or about February 12, 2007, Defendant Murphy wrote a letter to Govaerts summarizing the accounting and overpayment of the ongoing payments and explained that it would be credited against ongoing child support and ongoing child support would not be collected until the approximately $2,062 overpayment was cured.

**I. IN FEBRUARY 2007, GOVAERTS WROTE TO DEFENDANT MURPHY COMPLAINING THAT THE BILLING STATEMENTS SENT OUT IN JUNE AND AUGUST 2006 HAD BEEN ERRONEOUS.**

Shortly thereafter, in February 2007, Govaerts wrote a letter to Ms. Murphy stating that the billing statements previously sent out in June and August had indicated approximately $43,000 to $46,000 in arrearage and contending that the purpose of those billing statements must have been to extort and pressure him. Because Defendant Murphy had instructed in April 2006 that all enforcement cease on the arrears, she had been unaware until after receiving Govaerts' letter that billing statements had continued to be sent out. She only subsequently discovered that instructing that all enforcement measures be ceased on arrears does not also

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy      -5-      C 08-00125 RMW

automatically suppress generation of further billing statements. Nor, until receiving Govaerts' letter had Defendant Murphy been previously aware that the information shown on the billing statements (which she had not known were continuing to be sent) showed an incorrect amount of arrears rather than the $6,984 in arrears that had been set forth in her June 2006 declaration filed with the court, which amount was the only amount at issue. In March 2007, Defendant Vartanian spoke with Plaintiff Govaerts. erts confirmed the accounts had been corrected. On October 2007, Plaintiff filed suit.

3. **LEGAL ISSUES** - Defendants dispute the legal allegations set forth by erts. Other legal issues include erts' failure to properly comply with the Tort Claims Act with respect to his supplemental state tort claims, failure to state a claim and the applicability of various immunities.

4. **MOTIONS** - Defendants anticipate filing a summary judgment motion.

5. **AMENDMENT OF PLEADINGS** - None anticipated by Defendants.

6. **EVIDENCE PRESERVATION** - Copies of documents have been preserved.

7. **DISCLOSURES** - The parties have not yet made their initial disclosures. At the first CMC the court stayed initial disclosures.

8. **DISCOVERY** - The court has stayed initial disclosures. Defendants request that a future case management conference be set to determine the time-line and scope of discovery, if required.

9. **CLASS ACTIONS** - N/A

10. **RELATED CASES** - None known. This case was removed from superior court.

11. **RELIEF** - Defendants anticipate filing a dispositive summary judgment motion.

12. **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Pursuant to ADR Local Rule 3-3(c) and Civil Local Rule 7, Defendants have filed a motion requesting to be relieved from the automatic assignment to multi-option ADR on the basis that they believe this case will be properly disposed of by summary judgment motion and ADR will, therefore, not be efficient or useful at this juncture.

13. **MAGISTRATE JUDGE** - Defendants do not consent to the assignment of this matter

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy    -6-    C 08-00125 RMW

1  to a magistrate judge for trial.

2  **14.   OTHER REFERENCES** - Defendants submit that this case is presently not suitable

3  for reference to binding arbitration, a special master, judicial panel or multi-district litigation.

4  **15.   NARROWING OF ISSUES** - None

5  **16.   EXPEDITED SCHEDULE** - None

6  **17.   SCHEDULING** - Defendants suggest a further CMC be set in September 2008.

7  Defense counsel will be out of the country and unavailable for any purposes from October 8,

8  2008 through September 17, 2008.

9  **18.   TRIAL** - Defendants request evaluating trial setting be deferred until their summary

10  judgment motion.

11  **19.   DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

12  None as to Defendants

13  **20.   MISCELLANEOUS MATTERS** - None as to Defendants

15  Dated: May 30, 2008                                      Respectfully submitted,

16                                                          ANN MILLER RAVEL
                                                            County Counsel

18                                                   By:    _____/S/_____
                                                            MARCY L. BERKMAN
19                                                          Deputy County Counsel

20                                                          Attorneys for Defendants
                                                            JOHN G. VARTANIAN, III and
21                                                          MARY MURPHY

27  128459.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy                -7-                           C 08-00125 RMW