CLIFFORD M. GOVAERTS, SBN 073624
P.O. BOX 2294
CUPERTINO, CA 95015
TELEPHONE: (408) 253-1921
FAX: (408) 877-1649
Pro per

FILED

2008 JUN -9 P 3: 28

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA, S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD M. GOVAERTS | ) | No. C 08-00125 RMW |
| Plaintiff | ) | |
| | ) | CASE MANAGEMENT STATEMENT |
| vs. | ) | BY PLAINTIFF AND OPPOSITION |
| | ) | TO MOTION TO DENY ADR BY |
| | ) | CLIFFORD M. GOVAERTS |
| | ) | |
| | ) | DATE: June 13, 2008 |
| Santa Clara County Department of | ) | TIME: 10:30 AM. |
| Child Support Services; | ) | DEPT  6 |
| Mary Murphy, Atty; | ) | JUDGE  Hon. Ronald M. Whyte |
| John G. Vartanian, III, | ) | |
| County of Santa Clara; | ) | |
| Melody Grandell; and | ) | |
| Does 1-10 | ) | |

Plaintiff Clifford M. Govaerts (Plaintiff) submits this Case Management Conference Statement and requests that the court adopt it as his Case management Order. Defendants did not participate in the formation of this case Management Conference Statement. The parties did meet and confer after the last conference and it is clear that the hostility between them will continue until at least all defendants are brought into this case.

## OVERVIEW OF CASE

This is a case about government abuse, particularly abuse by a local agency of Santa Clara County empowered to collect child support, a financial obligation of great significance

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

1

under California law. This significance is most keenly evidenced by the recent case of <u>In re the Marriage of Sabine and Toshio M.</u>, 63 Cal. Rptr 757 (2007) where the court held that the Stipulated Agreement of the parents as to amount of child support arrearage was not a binding. Despite the agreement of the parents, the determination of arrearage, the court held, required the approval of the Department of Child Support services. Yet even after this case, the Department's power comes a responsibility, a responsibility to not fabricate arrearages, especially when told by a parent at the initial consultation that only a nominal amount is due, and that the matter was already before the court for determination. This is a case of apparent absolute power corrupting absolutely. It is also a case of willful attorney misconduct inconsistent with the Fourteenth Amendment's protection of family association, among other things. Plaintiff has also alleged state causes of action.

The named defendants in this case, except for Plaintiff's ex-spouse Melody Grandell ("Grandell") are agents or agencies of the County of Santa Clara, which is also a named defendant. Their stated mission is to promote " the well-being of children" and to, in pursuing their functions, "treat everyone with kindness and compassion". Defendant the Santa Clara County Department of Child Support Services, ("DCSS") is a separate and independent local support agency formed under California Family Code § 17304, and appearing Defendants Mary Murphy ("Murphy") and Robert G. Vartanian III ("Vartanian"), alleged to be the supervisor of Murphy, are licensed attorneys and county employees, a county publically shamed by a "win at any cost" attitude used by the media to describe county prosecutors. The recent decision of the Ninth Circuit in <u>Beltran v. Santa Clara County,</u> (2008) 514 F. 3d. 906, holding that there is no longer an absolute prosecutorial immunity where evidence is fabricated, is a case involving a Santa Clara County agency and another indication that the local concern may not limited to county attorneys. This case is further evidence of the reality of the problem.

Plaintiff, a tax lawyer of thirty years with no civil litigation experience to speak of, was the target of Defendants' fabricated child support claims which claims have never been corrected. Plaintiff is now the continuing target of Santa Clara County Counsel, and her continuing violations of the rules of Professional Conduct. It is Plaintiff's additional hope through this action that future families are not subject to similar mistreatment by either DCSS nor by other county agents or agencies.

**PROCEDURAL STATEMENTS**

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

2

Since the date of the last Case Management Conference on May 2, 2008, Plaintiff has been moving his home office to a commercial office space and has been distracted by such efforts. Following the last conference, Plaintiff met with Defendants' counsel, having a walking discussion about such matters as said Counsel's intended clients, the named Defendants who have been served but have not filed answers. Said discussion was unproductive and it is clear that nothing productive will result in further discussions until such Defendants appear. In addition it is unclear as to the status of Defendant Grandell who prepared an Answer but has not filed, and may be untimely in now filing, a consent to Federal removal. Plaintiff, at this time, has decided to not dismiss her from this action.

Plaintiff apologizes for the delay in the filing of this Statement as the office move and his search for secretarial help to deal with this and matters involving his on-going legal practice, have been time-demanding. In addition Plaintiff has been searching for Trial counsel to assist him in the procedural and strategic matters of this case, including the apparent need to file a Notice the Default for the other named defendants.

Plaintiff, in light of the continuing delay in getting all parties properly before this Court, and the public safety issue arising if DCCS continues its "win at all costs" policy, will be concurrently filing formal complaints with the State Bar of California for the ethical violations of Ms. Murphy and Vartanian.

At the last appearance before this court, and in what appears to be a growing modus operandi, Defendants' counsel gratuitously shares private information which could only have been learned by her clients in the scope of their public duties. On or about May 28 at 9:40 p.m. said counsel invaded the privacy of Plaintiff by calling him at home. California Attorney Guidelines of Civility and Professionalism, adopted by the State Bar of California Board of Governors on July 20, 2007, in Section17, dealing with privacy, confirms that side-trips into the private matters of a party should be "pursued as narrowly as possible". Section 19 provides that in family law proceedings, and clearly the substance and nature of this case is deeply embedded in family law, a member of the California Bar is to "reduce the emotional tension and trauma" of the parties. The use of the private facts surrounding Plaintiff's medical history in Defendants' pleadings and the late night call to Plaintiff's home only confirms the County's "win at all cost" mentality, and this form of conduct should not be permitted to continue. Plaintiff has requested

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

3

that this Court's reporter provide him with a transcript of the last hearing yet said report, after 45 days, has not contacted Plaintiff with the costs of such documentation. Plaintiff asks this Court to assist with this request.

Defendant DCCS has refused to answer Plaintiff's complaint yet it is clearly a "Public Entity" under CA Government Code§ 811.2. Defendant Vartanian had agreed to accept service of process on behalf of DCCS and received such service concurrent with his own. In addition, Plaintiff timely served Defendant County through its Chief Executive Officer Peter Kutras, Jr., at the County's principal office, and under CA CCP § 416.50, jurisdiction under his ostensible authority is established. Unless this court can otherwise compel the filing of an answer, Plaintiff intends to notify said parties of their default.

Plaintiff and Grandell were parties to a bitter Family Court preceding. Plaintiff believes now that she must remain a party in this action. She has served Plaintiff with an answer but has not filed a consent to removal. The jurisdiction of this Court may therefore be a matter to be resolved.

## GENERAL OBJECTION TO MOTION TO WAIVE ADR

Defendants Murphy and Vartanian filed a motion to avoid ADR. The pending motion to avoid ADR filed by Murphy and Vartanian should be denied under Local Rule 3A as not all parties have appeared. Furthermore, it is unlikely said defendants will make a motion for summary judgment which will implicitly confirm that Defendants, as members of the State Bar have fabricated claims. In addition, the fact that named defendants have refused to file responsive pleadings and that those that have, have raised thirty-three affirmative defenses, make it clear that some form of ADR may help to focus this case, resolve the privacy issues, and facilitate discovery which will include Plaintiff's attempt, through seeking other complaints against DCSS, confirm the pattern of abuses reported by Family attorneys Plaintiff has consulted. In addition, the tragic loss of life in the very public and recent challenges to the County's juvenile justice system provides an example of how the exceptional circumstances in this case make at least the appointment of a Special Master under Federal Rules of Court §53 appropriate and within the discretion of this Court.

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

4

## SUMMARY OF KEY FACTS AND DENIAL OF ALLEGATIONS OF DEFENDANTS

The key facts of this complaint are that (1) Grandell had never sought the elevated child support figure used by Murphy and DCSS, and (2) when she had pointed out to them the error in their claim, said Defendants continued to harass Plaintiff for such fabricated amount, pushing Plaintiff over the edge in June 2006. Said defendants statement of facts in their recently file status conference statement are misdirections and half-truths at best. In addition, at no time have Defendants confirmed their agreement that the alleged back support of over $42,000 is not due, and without the arement of DCSS, such claim arguably remains.

Summarizing the general facts, after a bitter, four day trial, numerous subsequent hearings at which Grandell refused to (i) honor her agreement to sell the family residence, (ii) sign the listing agreement and (ii) facilitate the sale's closing, the issue of child support and visitation matters became the new battle ground between the parties in early 2005. At that time, following the reduction of Plaintiff's income by 60% (and subsequent job loss) at a time when Defendant Grandell was not meaningfully seeking full-time employment, Plaintiff filed a motion seeking reduction of his child support. At subsequent hearing dates, Grandell refused to seek legal counsel. Plaintiff continued to pay child support from his net spendable income, at rates higher that what the likely modified amount, routinely made retroactive by the Family court. At the urging of the Court, he retained his own counsel in late 2005.

Contrary to Defendants' assertions, Murphy contacted Plaintiff's counsel Ms. Tracy Duell-Cazes, prior to an upcoming hearing on Plaintiff's motion, demanding the payment of approximately $42,000 in back child support, and threatening to seek an order for such amount at the upcoming hearing. As a preemptive strike to Murphy's intended wrongful conduct, Plaintiff filed an ex-parte application for orders barring Murphy's misconduct, providing calculations that under a "best-case scenario" as to Plaintiff's motion, **Plaintiff was owed money** and under a worst case scenario, Plaintiff owed $22,000. The latter was premised on not being able to prove the actual payments I had actually made, a highly unlikely scenario.

Murphy's threat to inform the Court of the alleged $ 42,000 delinquency did not materialize as the matter was continued yet she continued this wrongful assertion through at least the hearing in early June 2006, leading both Plaintiff's Counsel, Plaintiff (who did not attend the hearing, and the Court to believe that $42,000 was due. While Murphy may have stated that Grandell believed some lesser amount was due in early June, such did not sway

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

5

Murphy from pursuing the $42,000, and it is believed Murphy would have learned at the first meeting with Grandell in February 2006 that the right figure was no more that $2,000. Yet Murphy, under color of authority, was pursuing her own "win at all costs" campaign. There were no, as Defendants now allege, data-entry problems nor bogus billings. Defendants put in place the wrongful billings and the fact that it continued into the Fall of 2006 was not their reckless failure to correct the error in July 2006 but instead their continued attempt to harass Plaintiff. This harassment of Plaintiff by the fabricated sums ultimately succeeded in pushing him over the edge. The stories Defendants now tell are without any factual basis.

Even in October 2006 after Plaintiff returned from the home of his father in Southern California., Murphy and DCSS would not correct their fabricated numbers, and would only concede that they would not seek payment at that time of accrued and unpaid support as of June 1, 2006. Grandell to this day has made no attempt to collect the $2,000 principal due, knowing that Plaintiff's still pending modification motion would zero out such amount.

The alleged facts in Defendants statement are merely another attempt to cover up their misconduct.

## OTHER MATTERS

1. **AMENDMENT OF PLEADINGS** - Not all Defendants have filed answers. Responding Defendants has alleged the need for an amendment and Plaintiff may amend once all Defendants have answered

2. **EVIDENCE PRESERVATION** - Copies of documents have been preserved.

3. **DISCLOSURES** – Not all Defendants have filed answers and Plaintiffs wishes to avoid multiple evidentiary disclosures.

4. **DISCOVERY** - Not all Defendants have filed answers and Plaintiff is unable to participate in the exchange of full discovery until they do.

5. **CLASS ACTIONS** - N/ A

6. **RELATED CASES** - None known except that Plaintiff is filing ethical charges against Murphy and Vartanian with the State Bar. This case was removed from superior court.

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

6

7. **RELIEF** - Plaintiff requests the court's assistance in obtaining a transcript of the last conference. Plaintiff anticipate filing a Notice of Default against the non-answering named defendants and most likely a motion to seal confidential and private health data.

8. **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR).**
Plaintiff believes, as stated above that some form of ADR or the appointment of a special master would be useful. Plaintiff requests that Defendants' motion against ADR be denied.

9. **MAGISTRATE JUDGE** - Defendants do not consent to the assignment of this matter to a magistrate judge for trial.

10..**OTHER REFERENCES** - Plaintiff submits that this case is suitable for Non-binding arbitration or a special master.

11. **NARROWING OF ISSUES** - None

. 12. **EXPEDITED SCHEDULE** - None

13.**SCHEDULING** - Plaintiff suggest a further CMC be set 120 days out.

14. **TRIAL** Plaintiff requests evaluating trial setting be deferred until all parties have answered.

15 **DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Plaintiff's children have interests in family privacy and association.

16. **MISCELLANEOUS MATTERS**- None known.

Respectfully submitted,

*[signature]*

Clifford M. Govaerts, Pro Per

Case Management Statement for June 2008 and opposition to motion to deny ADR
Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

7

## PROOF OF SERVICE

Declaration under Code of Civil Procedure § 1094.5

I, Clifford M. Govaerts, a resident of Santa Clara County, whose business address is P.O. Box 2294, Cupertino, CA 95015 this ~~May 1~~, 2008 June 9, 2008

Served the following items:

In Federal District Court case of Clifford M. Govaerts vs Santa Clara County et al.

Case Management Statement and opposition to motion to deny ADR
Of Plaintiff Clifford M. Govaerts
Case C 08-00125 RMW

Marcy L. Berkman, Deputy County Counsel
Office of County Counsel
70 W. Hedding Road, East Wing
9th Floor
San Jose, CA 95110
Fax 408-292-7240


Melody Grandell

Fax 408-521-0890

10338 Scenic Rd.

Cupertino, CA 95014


By fax and first class Mail

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: June 9th, 2008

_____
Clifford M. Govaerts

1
Govaerts v. Santa Clara County et al
First Amended COMPLAINT FOR MONEY DAMAGES