ANN MILLER RAVEL, County Counsel (S.B. #62139)
MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendants
JOHN G. VARTANIAN, III and MARY MURPHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(SAN JOSE)

| | |
|---|---|
| CLIFFORD M. GOVAERTS,<br><br>Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10,<br><br>Defendants. | No. C 08-00125 RMW<br><br>**CASE MANAGEMENT STATEMENT BY DEFENDANTS VARTANIAN AND MURPHY**<br><br>Date:      July 18, 2008<br>Time:      10:30 a.m.<br>Dept:      6<br>Judge:    Hon. Ronald M. Whyte |

Defendants John Vartanian III ("Vartanian") and Mary Murphy ("Murphy")(collectively "Defendants") submit this Case Management Conference ("CMC") Statement and request that the court adopt it as its Case Management Order.

At the first case management conference, Plaintiff Clifford M. Govaerts ("Plaintiff" or "Govaerts") advised that he planned to begin a search for counsel. No substitution of counsel has been received, and Plaintiff has not contacted Deputy County Counsel Marcy L. Berkman ("defense counsel") to advise that he has retained counsel.

In June 2008, defense counsel left a voicemail for Plaintiff reminding him of the deadline to meet and confer and submit the CMC statement for the then scheduled June CMC.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy           -1-           C 08-00125 RMW

Plaintiff did not return her call. Accordingly, Defendants Vartanian and Murphy filed their CMC Statement for the then-scheduled June CMC. Subsequently, Plaintiff submitted a belated CMC statement for the CMC. By that time, the Court had already acted *sua sponte* to continue the CMC from June 13, 2008 to July 18, 2008. Defense counsel left a voicemail message for Plaintiff advising him, in case he was unaware, that the Court had continued the CMC to July 18.

On July 7, 2008, defense counsel spoke with Plaintiff's ex-wife, Defendant Melody Grandell, in order to obtain Ms. Grandell's input for the CMC statement. On Tuesday July 8, 2008, defense counsel left a voicemail message for Plaintiff reminding him that CMC statement was due this week and requesting that he call regarding the CMC statement. Plaintiff did not return her call.

1.  **JURISDICTION, SERVICE, AND RESPONSE STATUS**

Plaintiff's First Amended Complaint ("FAC") asserts a claim for relief under 42 U.S.C. § 1983 as well as several state tort claims. Accordingly, this court has jurisdiction over the federal claim and the supplemental state tort claims.

A.  **DEFENDANT MELODY GRANDELL**

Defendant Grandell (Plaintiff's ex-wife) is not a County-affiliated party and is not represented by counsel for the County. She personally appeared in *pro per* at the initial CMC.

At the initial CMC, Plaintiff indicated that his purpose in naming Ms. Grandell as a party to the action was to facilitate taking discovery from her. This is not a proper grounds for naming a party as a defendant. At that initial CMC, Plaintiff indicated that he was considering voluntarily dismissing Ms. Grandell from the action. However, the CMC statement that Plaintiff filed in June 2008 states that Plaintiff has now decided not to dismiss Ms. Grandell from the action.

Plaintiff's CMC statement indicates that Ms. Grandell has served him with her answer to the complaint. Ms. Grandell also served defense counsel with a copy of her answer at the initial case management conference. During their July 7, 2008 telephone conference, Ms. Grandell

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy    -2-    C 08-00125 RMW

advised defense counsel she is still in *pro per* and that she presently intends to remain in *pro per*. She further indicated that she has not yet filed with the District Court the answer that she previously served on the parties. Defendant Grandell indicated that she would address that matter with the court at the upcoming CMC. Defendant Grandell further indicated that at the CMC she plans to address with the Court the fact that Plaintiff has now indicated that he is unwilling to dismiss her from the action even though Plaintiff conceded at the initial CMC that he had only named her as a defendant because he wished to obtain discovery from her. Defendant Grandell further indicated that she desires for the Court to *sua sponte* dismiss her from this action.

### B.  COUNTY-AFFILIATED DEFENDANTS

No County-affiliated Defendants were properly served. Defense counsel voluntarily accepted service on behalf of, and with the consent of, Defendants Vartanian and Murphy.

The Department of Child Support Services ("DCSS") is a department of the County and is not a separate entity capable of being sued – it has therefore been improperly named as a defendant.

Defendant County has never been properly served. Although Defense Counsel is not authorized to accept service on behalf of the County, she has repeatedly advised Plaintiff (including at the last CMC) that the County may properly be served by submitting the summons and complaint to the Clerk of the Board of Supervisors and that, once so served, the County will respond as the County of Santa Clara, also erroneously sued as DCSS.

At the initial CMC, Plaintiff indicated that it was his intent to attempt to default the County and DCSS. Plaintiff has not yet done so.

### 2.  FACTS

#### A.  PLAINTIFF'S EX-WIFE COMMENCED ENFORCEMENT PROCEEDINGS FOR ARREARAGES IN CHILD SUPPORT AND SPOUSAL SUPPORT.

Plaintiff's ex-wife commenced enforcement proceedings to enforce child and spousal support orders.

///

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy          -3-          C 08-00125 RMW

**B.    PLAINTIFF SOUGHT TO STAY ENFORCEMENT OF ARREARS.**

In April 2006, Plaintiff's attorney contacted Defendant Murphy requesting that the DCSS cease enforcement of arrears. Defendant Murphy explained that enforcement could not be stopped without the consent of the custodial parent (here, Plaintiff's ex-wife, Defendant Grandell). Plaintiff's ex-wife was unwilling to stay enforcement. She explained that Govaerts – her ex-husband – had recently sold a house and had the resources to pay the arrears.

In April 2006, Govaerts filed an *ex parte* application seeking to stay enforcement of arrears. Govaerts' supporting papers set forth several scenarios for amounts that he might be found to owe his ex-wife in child support/spousal support arrears, with the highest of those amounts being approximately $23,000. The court issued temporary orders for DCSS to cease all enforcement on the arrears but continue collecting up to 25% of Govaerts' social security disability benefit and set the matter for a June 6, 2006 hearing.

**C.    IN APRIL 2006, ALL ENFORCEMENT OF ARREARS WAS STOPPED.**

Accordingly, in April 2006, Defendant Murphy instructed that all enforcement of arrears be deactivated, thus there was to be no credit reporting, no reporting to SLIMS (license revocation) and no tax intercept.[1]

**D.    IN MAY 2006, DEFENDANT MURPHY LEARNED FROM GOVAERTS' EX-WIFE THAT SHE WAS SEEKING TO ENFORCE ONLY $6,894 IN ARREARS.**

In late May 2006, Defendant Murphy learned from Govaerts' ex-wife that the total amount of arrears in child support/spousal that Govaerts' ex-wife was seeking to enforce was only approximately $6,894.

///

///

---

[1] The Franchise Tax Board conducts two different types of enforcement. Due to a data-input error, although the intent was to stop all FTB enforcement, inadvertently only the first of two required screens was input. In August 2006, the FTB garnished $101.53. Thereafter, that error was corrected to ensure FTB would cease all aspects of its tax enforcement as had been originally intended.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy            -4-            C 08-00125 RMW

**E.  ON JUNE 1, 2006, DEFENDANT MURPHY ADVISED THE COURT THAT THE AMOUNT OF ARREARS WAS ONLY $6,894 AND THE COURT CONTINUED GOVAERTS' APPLICATION TO STAY ENFORCEMENT TO A SETTLEMENT CONFERENCE IN JULY 2006.**

On or about June 1, 2006, in response to Govaerts' application for an order staying enforcement of arrears, Defendant Murphy filed a declaration with the court advising that the amount of arrears was only $6,894. On June 6, 2006, the court conducted a hearing on Govaerts' application to stay enforcement of the child support/spousal support arrears. Defendant Murphy, Govaerts and Govaerts' attorney were all present at that hearing. Govaerts' ex-wife attended telephonically. The matter was continued to July 2005 for a settlement conference. Pursuant to stipulation of the parties, it was ordered that pending the July 2005 settlement conference $566/month would continue to be withdrawn from Govaerts' social security disability; neither Govaerts nor his wife would access retirement funds prior to the next hearing; and, until the July 2005 settlement conference there would be no further enforcement of arrears.

**F.  IN LATE JUNE 2006, GOAVERTS ATTEMPTED TO COMMIT SUICIDE FOR AT LEAST THE SECOND TIME IN UNDER A YEAR.**

In June 2006, Govaerts' ex-wife reported that in late June 2006, Govaerts had tried to commit suicide. According to the stay application that Govaerts himself filed with the court in April 2006, Govaerts had also previously tried to commit suicide in December 2005.[2]

**G.  AT THE JULY 2006 SETTLEMENT CONFERENCE, A STIPULATED AGREEMENT WAS REACHED REGARDING ONGOING PAYMENTS, ALL MOTIONS WERE TAKEN OFF CALENDAR AND THE COURT RETAINED JURISDICTION TO DECIDE THE QUESTION OF ARREARS AT A LATER DATE.**

On or about July 20 or 21, 2006, the Court conducted a settlement conference. Defendant Murphy and Govaerts' attorney were present in court for a settlement conference. Govaerts' attorney could not reach Govaerts. By stipulated order based upon Govaerts' mental

---

[2] Further, according to the general denial and affirmative defenses served by Ms. Grandell on the day of the first case management conference in this present action, Plaintiff has been in and out of mental institutions since January 2000.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy      -5-      C 08-00125 RMW

condition, the court modified child support to $566 as of June 1, 2006, took all pending motions off calendar without prejudice, and reserved jurisdiction to determine the child support and spousal support arrears at a later date.

### H. GOVAERTS PROVIDED SUPPORTING DOCUMENTATION THAT HE HAD OVERPAID HIS 2006 PAYMENTS. AFTER CONFIRMING THAT OVERPAYMENT WITH HIS EX-WIFE AND CONFERRING REGARDING WHETHER OR NOT SHE STILL WISHED TO COLLECT THE OUTSTANDING ARREARS, COLLECTION OF THE ONGOING $566/MONTH WAS CEASED UNTIL THE $2,062 OVERPAYMENT WAS CURED.

In December 2006, Govaerts sent a letter stating he believed that he had overpaid his ongoing child support payments (in part because of a direct check he had sent to his wife of which DCSS had not been advised) and provided supporting documentation. Following a review, it was determined that for the time period of January 2006 through January 2007, Govaerts had overpaid his child support payments by approximately $2,062.

Since the amount of the arrears incurred prior to June 1, 2006 and still owing ($6,894) exceeded the amount of Govaerts' overpayment, and since the court had reserved jurisdiction over the arrears, Defendant Murphy conferred with Govaerts' ex-wife regarding whether Govaerts' ex-wife still wished to enforce the outstanding arrears. After considering the matter, Govaerts' ex-wife ultimately decided that she did not want to try to collect the arrears.

Accordingly, on or about February 12, 2007, Defendant Murphy wrote a letter to Govaerts summarizing the accounting and overpayment of the ongoing payments and explained that it would be credited against ongoing child support and ongoing child support would not be collected until the approximately $2,062 overpayment was cured.

### I. IN FEBRUARY 2007, GOVAERTS WROTE TO DEFENDANT MURPHY COMPLAINING THAT THE BILLING STATEMENTS SENT OUT IN JUNE AND AUGUST 2006 HAD BEEN ERRONEOUS.

Shortly thereafter, in February 2007, Govaerts wrote a letter to Ms. Murphy stating that the billing statements previously sent out in June and August had indicated approximately $43,000 to $46,000 in arrearage and contending that the purpose of those billing statements must have been to extort and pressure him. Because Defendant Murphy had instructed in April 2006 that all enforcement cease on the arrears, she had been unaware until after receiving

Govaerts' letter that billing statements had continued to be sent out. She only subsequently discovered that instructing that all enforcement measures be ceased on arrears does not also automatically suppress generation of further billing statements. Nor, until receiving Govaerts' letter had Defendant Murphy been previously aware that the information shown on the billing statements (which she had not known were continuing to be sent) showed an incorrect amount of arrears rather than the $6,984 in arrears that had been set forth in her June 2006 declaration filed with the court, which amount was the only amount at issue. In March 2007, Defendant Vartanian spoke with Plaintiff Govaerts. Govaerts confirmed the accounts had been corrected. On October 2007, Plaintiff filed suit.

3. **LEGAL ISSUES**

Defendants dispute the legal allegations set forth by Plaintiff. Other legal issues include Plaintiff's failure to properly comply with the Tort Claims Act with respect to his supplemental state tort claims, failure to state a claim and the applicability of various immunities.

4. **MOTIONS**

Defendants Murphy and Vartanian anticipate filing a summary judgment motion. Defendant Grandell has indicated that at the CMC she will request that the court *sua sponte* dismiss her from the action.

5. **AMENDMENT OF PLEADINGS**

None anticipated by Defendants.

6. **EVIDENCE PRESERVATION**

Copies of the County-affiliated Defendants' documents have been preserved. Defendant Grandell has advised that she will conduct a search to determine whether she has any relevant evidence, and if so will preserve such evidence.

7. **DISCLOSURES**

The parties have not yet made their initial disclosures. At the first CMC the court stayed initial disclosures pending discussion of the matter at the upcoming CMC.

8. **DISCOVERY**

The court has stayed initial disclosures. Defendants request that a future case

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy        -7-        C 08-00125 RMW

management conference be set to determine the time line and scope of discovery, if required. Defense counsel anticipates that there will be discovery disputes regarding Plaintiff's mental health history. Plaintiff has put his mental health at issue by alleging that the County's employees should have been aware that he was a suicide risk; that their actions pushed Plaintiff over the edge; and by claiming that Defendants inflicted emotional distress. Further, Plaintiff's own declaration – signed under penalty of perjury and filed with the Court in the underlying enforcement action – states that Plaintiff previously tried to commit suicide in 2005, prior to the actions alleged in his Complaint. Accordingly, the County will need to take discovery regarding Plaintiff's prior mental health history, Plaintiff's mental health history during the time-period at issue in this action, and Plaintiff's mental health history since that time. Despite Plaintiff having put his own mental health squarely at issue in this action, Plaintiff indicated at the initial CMC, that he takes objection to any reference to his mental health history and suicide attempts. Therefore, Defense Counsel anticipates that there may be discovery disputes regarding this topic of discovery.

9. **CLASS ACTIONS** - N/A

10. **RELATED CASES**

None known. This case was removed from superior court.

11. **RELIEF**

Defendants Murphy and Vartanian anticipate filing a dispositive summary judgment motion. Defendant Grandell has indicated she intends to request at the CMC that the Court *sua sponte* dismiss her from this action.

12. **SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Pursuant to ADR Local Rule 3-3(c) and Civil Local Rule 7, Defendants have filed a motion requesting to be relieved from the automatic assignment to multi-option ADR on the basis that they believe this case will be properly disposed of by summary judgment motion and ADR will, therefore, not be efficient or useful at this juncture.

13. **MAGISTRATE JUDGE**

Defendants do not consent to the assignment of this matter to a magistrate judge for trial.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy          -8-          C 08-00125 RMW

14. **OTHER REFERENCES**

Defendants submit that this case is presently not suitable for reference to binding arbitration, a special master, judicial panel or multi-district litigation.

15. **NARROWING OF ISSUES** - None

16. **EXPEDITED SCHEDULE** - None

17. **SCHEDULING**

Defendants suggest a further CMC be set for September 26, 2008 or November 21, 2008. Defense counsel will be in trial for approximately two weeks commencing September 8, 2008. From October 8, 2008 until November 17, 2008, Defense counsel will be out of the country and unavailable for any purposes.

18. **TRIAL**

Defendants request evaluating trial setting be deferred until after summary judgment motions.

19. **DISCLOSURES OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

None as to Defendants.

20. **MISCELLANEOUS MATTERS** - None as to Defendants.

Dated: July 10, 2008

Respectfully submitted,

ANN MILLER RAVEL
County Counsel

By:   /S/
MARCY L. BERKMAN
Deputy County Counsel

Attorneys for Defendants
JOHN G. VARTANIAN, III and
MARY MURPHY

130033.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Case Management Statement by
Defendants Vartanian & Murphy      -9-      C 08-00125 RMW

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

**PROOF OF SERVICE BY MAIL**

Govaerts v. County, et al.                                    No. C 08-00125 RMW

I, Anna Marie B. Espiritu, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **CASE MANAGEMENT STATEMENT BY DEFENDANTS VARTANIAN AND MURPHY,** by placing said copy in an envelope addressed to:

Clifford Govaerts                        Melody Grandell
P.O. Box 2294                            10338 Scenic Boulevard
Cupertino, CA  95015                     Cupertino, CA  95014

which envelope was then sealed, with postage fully prepaid thereon, on **July 10, 2008,** and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **July 10, 2008,** at San Jose, California.

_____
Anna Marie B. Espiritu

134213.wpd

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California