1 | ANN MILLER RAVEL, County Counsel (S.B. #62139)
MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)
2 | OFFICE OF THE COUNTY COUNSEL
70 West Hedding, East Wing, 9th Floor
3 | San Jose, California 95110-1770
Telephone: (408) 299-5900
4 | Facsimile: (408) 292-7240

5 | Attorneys for Defendants
JOHN G. VARTANIAN, III, MARY
6 | MURPHY and the COUNTY OF SANTA
CLARA (also erroneously sued the Santa
7 | Clara County Department of Child Support
Services)

8

9 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
10 | (SAN JOSE)

11

12 | CLIFFORD M. GOVAERTS,               )    No.    C 08-00125 RMW
                                      )
13 |        Plaintiff,                  )    **NOTICE OF MOTION AND MOTION TO**
                                      )    **DISMISS COUNTY OF SANTA CLARA**
14 | v.                                 )    **AND DEPARTMENT OF CHILD SUPPORT**
                                      )    **SERVICES; SCHWAB DECLARATION;**
15 | SANTA CLARA COUNTY                  )    **BERKMAN DECLARATION**
    DEPARTMENT OF CHILD SUPPORT         )    **[F.R.C.P. Rules 4(m), 12(b)(5), 41(b)]**
16 | SERVICES, et al.,                  )
                                      )    Date: October 3, 2008
17 |        Defendants.                 )    Time: 9:00 a.m.
                                      )    Dept. 6
18 | _____     )    Judge: Hon. Ronald M. Whyte

19

20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

1

# TABLE OF CONTENTS

2    NOTICE OF MOTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

3    MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

4    I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

5    II. PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

6    III. LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7
    A. THE DEPARTMENT OF CHILD SUPPORT SERVICES IS NOT A PROPER
       DEFENDANT TO THIS ACTION SINCE IT IS NOT A SEPARATE ENTITY

8           SUBJECT TO SUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

9
    B. PLAINTIFF HAS NOT PROPERLY SERVED THE COUNTY, WHICH HE
       ALSO ERRONEOUSLY SUED AS THE DEPARTMENT . . . . . . . . . . . . . . . . . . . . 6

10
       1.   The Sufficiency of Process Is Determined under State Law . . . . . . . . . . . . . . . . . 6

11
       2.   Plaintiff Has Never Served the County . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

12
       3.   Plaintiff's Arguments Are Without Merit . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

13
    C. PURSUANT TO RULES 4 AND 12(b)(5), THIS ACTION SHOULD BE
       DISMISSED BECAUSE PLAINTIFF FAILED TO SERVE THE COUNTY

14           (ALSO ERRONEOUSLY SUED AS THE DEPARTMENT) WITHIN 120 DAYS . . . 8

15
    D. PURSUANT TO RULE 41(b), PLAINTIFF'S ACTION SHOULD BE DISMISSED
       WITH PREJUDICE FOR LACK OF PROSECUTION . . . . . . . . . . . . . . . . . . . . . 8

16

17    IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18    DECLARATION OF SHARYN SCHWAB . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

19    DECLARATION OF MARCY L. BERKMAN . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          -i-                    C 08-00125 RMW

1

# TABLE OF AUTHORITIES

2

## CASES

3

*Anderson v. Air West, Inc.*
542 F.2d 522, 525 (9th Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

4

*Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*
635 F.2d 434, 435 (5th Cir. 1981). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5

6

*Dodco, Inc. v. American Bonding Co.*
7 F.3d 1387, 1388 (8th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7

8

*Henderson v. United States*
517 U.S. 654, 662-663 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9

*Hovd v. Hayward Unified School Dist.*
74 Cal.App.3d 470, 471-472 (1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10

11

*Laurino v. Syringa Gen. Hosp.*
279 F.3d 750, 753 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

12

*Lee v. City of Beaumont*
12 F.3d 933, 936-37 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

14

*Link v. Wabash R.R. Co.*
370 U.S. 626 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

15

*Morris v. Morgan Stanley & Co.*
949 F.2d 648, 651 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

16

17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*
526 U.S. 344, 350 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18

*Price v. McGlathery*
792 F.2d 472, 475 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

19

20

*Rio Properties, Inc. v. Rio Int'l Interlink*
284 F.3d 1007,1022 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21

*Russo v. Prudential Ins. Co. of America*
116 F.R.D. 10, 11-12  (E.D. Pa. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

22

23

*Sturgeon v. Airborne Freight Corp.*
supra, 778 F.2d 1154,1159 (5th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

24

*Tuke v. United States*
76 F.3d 155,156 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

25

26

*Wei v. Hawaii*
763 F.2d 370, 372 (9th Cir.  1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

27

*Yourish v. California Amplifier*
191 F.3d 983, 990 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec                    -ii-                    C 08-00125 RMW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**STATUTES**

**FEDERAL**

FEDERAL RULES OF CIVIL PROCEDURE

Rule 12(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8, 10

Rule 41(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 8, 9, 10

Rule 4(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 8

Rule 81(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

U.S. CODE

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-4

**STATE**

CALIFORNIA RULES OF COURT

Rule 3.110(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CODE OF CIVIL PROCEDURE

Section 415.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Section  416.50(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

Sections 415.10-415.50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

GOVERNMENT CODE

Section 811.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Section 940.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Section 945 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

LOCAL RULES

County Charter

Article II § 200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Article II § 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Article IV §§ 400-401 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

County Ordinance Code

Section A22-1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Section A22-5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          -iii-                    C 08-00125 RMW

1

## NOTICE OF MOTION

2    **TO PLAINTIFF *IN PRO PER*:**

3         **PLEASE TAKE NOTICE** that on October 3, 2008 at 9:00 a.m., before the Honorable

4    Ronald M. Whyte in Department 6, or as soon thereafter as the matter may be heard by this

5    Court, located at 280 South First Street, San Jose, California 95113, Defendant County of Santa

6    Clara (also erroneously sued as the Santa Clara County Department of Child Support Services)

7    will, and hereby does, move this Court to dismiss this case pursuant to Rules 4(m) and 12(b)(5)

8    of the Federal Rules of Civil Procedure for failure to serve this action within 120 days as

9    required by Rule 4(m), and, in the alternative, will and hereby does, further move this Court

10   pursuant to Rule 41(b) to dismiss this case <u>with prejudice</u> for failure to prosecute.

11        This motion is based on this Motion and Memorandum of Points and Authorities; the

12   accompanying Declaration of Deputy County Counsel Marcy L. Berkman; the accompanying

13   Declaration of Sharyn Schwab; the previously filed Case Management Conference Statements;

14   all matters of which the Court may take judicial notice; and such other and further evidence as

15   may be presented at the time of hearing on this matter.

16   Dated: August 20, 2008                              Respectfully submitted,

17                                                       ANN MILLER RAVEL
                                                         County Counsel
18
                                            By:    _____/S/_____
19                                                 MARCY L. BERKMAN
                                                   Deputy County Counsel
20
                                                   Attorneys for Defendants
21
                                                   JOHN G. VARTANIAN, III, MARY
22                                                 MURPHY and the COUNTY OF
                                                   SANTA CLARA (also erroneously sued
23                                                 the Santa Clara County Department of
                                                   Child Support Services)
24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          1          C 08-00125 RMW

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This lawsuit should be dismissed pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure because Plaintiff Clifford Govaerts ("Plaintiff") failed to serve the County of Santa Clara (also erroneously sued as the Department of Child Support Services) within 120 days.   In the alternative, the Court should grant dismissal <u>with prejudice</u> pursuant to Rule 41(b) because Plaintiff failed to diligently prosecute this action.

On October 5, 2007, Plaintiff filed his lawsuit in state court. He subsequently amended his complaint to include a claim under 42 U.S.C. § 1983. Although Plaintiff never effected proper service on any of the Defendants, on or about January 7, 2008, the two individual defendants voluntarily accepted service through a notice and acknowledgment of receipt and then removed the case to federal court. At the same time, defense counsel notified Plaintiff of the following: that the Department is not a separate legal entity capable of suing and being sued; that Plaintiff had not served the County; and that Plaintiff could serve the County by serving the papers on the Office of the Clerk of the Board, whereupon the County would respond, indicating that it had also erroneously been sued as the Department. Although Plaintiff has been repeatedly advised of this information, he has nevertheless continued in his failure and refusal to properly serve this lawsuit. Accordingly, Plaintiff's suit against the County (also erroneously sued as the Department) should be dismissed.

### II. PROCEDURAL HISTORY

On or about October 5, 2007, Plaintiff filed a complaint in the Santa Clara County Superior Court. His complaint named the following individual defendants: Melody Grandell (his ex-wife), Mary Murphy ("Murphy"), and John G. Vartanian III ("Vartanian"). Plaintiff's complaint also named as Defendants the County of Santa Clara (the "County") and the County Department of Child Support Services (the "Department").

On or about December 4, 2007, Plaintiff filed a First Amended Complaint ("FAC"), naming the same Defendants and adding to his complaint a claim for civil rights violation under 42 U.S.C. § 1983.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          2          C 08-00125 RMW

1    On or about January 7, 2008, with the consent of Defendants Vartanian and Murphy,

2    Deputy County Counsel Marcy L. Berkman voluntarily accepted service on behalf of the

3    individual Defendants by preparing and executing notices and acknowledgment of receipt on

4    behalf of Vartanian and Murphy. [Berkman Decl. ¶ 2. Exh A.][1]  On or about January 8, 2008,

5    Defendants Murphy and Vartanian removed this action to federal court and answered the FAC.

6    [Id. ¶ 4.]

7    On January 7, 2008,  Ms. Berkman telephoned Plaintiff and introduced herself. [Id. ¶ 3.]

8    She advised Plaintiff that she had accepted service for individual Defendants, Vartanian and

9    Murphy, by executing notices of acknowledgment and receipt on their behalf, and that the

10    lawsuit was being removed to federal court. [Id. ¶ 3.]  During that telephone call, Ms. Berkman

11    further advised Plaintiff of the following: that he had not yet served the County; that she was

12    not authorized to accept service on behalf of the County; that Plaintiff could easily serve the

13    County by serving the Office of the Clerk of the Board of Supervisors; and that the Department

14    is not a separate legal entity capable of suing and being sued; however, once Plaintiff had served

15    the County, she would respond on behalf of "the County (also erroneously sued as the County

16    Department of Child Support Services)." [Id.]

17    On April 23, 2008, Defendants Murphy and Vartanian filed their first Case Management

18    Conference ("CMC") Statement. [See Docket Item No. 12; Berkman Decl. ¶ 5.]  That CMC

19    statement advised that Defendant County had not been served and that the Department was not

20    capable of suing and being sued. [Id.]  During the CMC on May 2, 2008,  Ms. Berkman also

21    verbally provided this information, again noting that Plaintiff could serve the County by serving

22    the Clerk of the Board of Supervisors, and that once the County had been served, she would

23    respond on behalf of the County, further noting that it had also been erroneously sued as the

24    Department. [Id.]  Plaintiff stated his disagreement and that he planned to try to default the

25

26    _____

27    [1] Notably, although Plaintiff's CMC statement indicates that Plaintiff was seeking
voluntary acceptance of service, Plaintiff did not even provide the notice and
acknowledgment forms or a postage-paid return envelope, both of which he is required by
28    law to provide.  See Cal. Code. Civ. Proc. § 415.30.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          3          C 08-00125 RMW

1    County and Department.  [*Id.*]

2    On May 30, 2008, Defendants Murphy and Vartanian filed their CMC Statement for the

3    June 2008 CMC.  That CMC statement again provided the same information.  [*Id.* ¶ 6; Docket

4    Item 16.]  The Court *sua sponte* continued the CMC to July 18, 2008.  [*Id.*; Docket Item 19.]

5    The CMC statements filed by Defendants Murphy and Vartanian for the July 2008 CMC once

6    again provided the same information, and this information was again verbally provided at the

7    July 2008 CMC.  [*Id.* ¶ 7; Docket Items 21-22.]  At that CMC, the Court instructed defense

8    counsel to file a motion to dismiss and ordered that both that motion and Plaintiff's default

9    motion would be heard on October 3, 2008.  [Berkman Decl. ¶ 7; Docket Item 24.]

10    On August 14, 2008, the Records Manager - Clerk of the Board checked the files and the

11    database of lawsuits served on the County and confirmed that Plaintiff never served the County

12    with this lawsuit.  [Schwab Decl.]

13    In his CMC statement, Plaintiff purports to have served the County by leaving a copy of

14    the summons and complaint with the receptionist on the floor where Peter Kutras, Jr., the

15    County Executive, has his offices.  [Docket Item No. 23 at 4:19-23.]

16    As established below, this does not constitute proper service.  Plaintiff has not served the

17    County.  Plaintiff's failure and refusal to serve the County (also erroneously sued as the

18    Department) has continued for over ten months.  By the date of this hearing, nearly a year will

19    have passed since Plaintiff filed his complaint.

20    **III.  LEGAL ARGUMENT**

21    Absent service of process, waiver of service, or voluntary appearance, a party is not

22    required to take any action in a lawsuit, even if named as a defendant in a filed complaint.

23    *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 350 (1999).  The court lacks

24    jurisdiction over a defendant who has not been properly served.  *Dodco, Inc. v. American*

25    *Bonding Co.* 7 F.3d 1387, 1388 (8th Cir. 1993).  The plaintiff has the burden to establish that he

26    has made valid and proper service of process.  *Aetna Bus. Credit, Inc. v. Universal Decor &*

27    *Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981).

28    / / /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          4          C 08-00125 RMW

## A. THE DEPARTMENT OF CHILD SUPPORT SERVICES IS NOT A PROPER DEFENDANT TO THIS ACTION SINCE IT IS NOT A SEPARATE ENTITY SUBJECT TO SUIT

In addition to naming the County, Vartanian, and Murphy, as Defendants in this action, Plaintiff also named the Department of Child Support Services as a separate defendant. [FAC ¶ 1.] The Department of Child Support Services was established as a Department of the County pursuant to Section A 22-1 of the County Ordinance Code. [Berkman Decl. Exh. B.] The duties and responsibilities of the Department are defined by Section A 22-5 of the County Ordinance Code. [*Id.*] As its name suggests, the Department of Child Support Services is a department within the County of Santa Clara – a mere subsidiary, it is not independent of the County and has no power to sue or be sued on its own.

Counties, districts and municipal corporations are given the power to sue and be sued by charter or statute. See Government Code section 945 ("A public entity may sue and be sued.") The Department of Child Support Services does not meet the statutory definition of a public entity or a local public entity. Govt Code §§ 811.2, 940.4.[2] In short, it is neither a separate legal entity nor a proper defendant in this action.

In California, if an entity is a subsidiary, an action must be filed against the parent entity. See California Government Tort Liability Practice (CEB 4th Ed.) § 3.4, pp. 94-95; *Hovd v. Hayward Unified School Dist.* (1977) 74 Cal.App.3d 470, 471-472 (vocational skills center held not independent unit of local school district although operating under fictitious business name and conducting business away from school district's premises). Departments or subsidiaries are not independently liable for their own alleged torts, actions, or omissions. The Department of Child Support Services is not an independent legal entity and cannot be sued in this action. Consequently, it is not a proper defendant and should be dismissed.

---

[2] Government Code § 811.2: "'Public entity' includes the State, Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State."

Government Code § 940.4: "'Local public entity' includes a county, city, district, public agency, and any other political subdivision or public corporation in the state, but does not include the State."

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          5          C 08-00125 RMW

**B. PLAINTIFF HAS NOT PROPERLY SERVED THE COUNTY, WHICH HE ALSO ERRONEOUSLY SUED AS THE DEPARTMENT**

### 1.  The Sufficiency of Process Is Determined under State Law

In cases originally filed in state court, but removed to federal court, federal law governs service of summons on additional defendants *after* removal. FRCP 81(c); *Russo v. Prudential Ins. Co. of America*, 116 F.R.D. 10, 11-12 (E.D. Pa. 1986). Thus, to serve additional defendants after removal, a new summons must be obtained from federal court. See FRCP 81(c)(1). Here, Defendants Vartanian and Murphy removed this case to federal court on or about January 8, 2008. In the more than seven months that have passed since this action was removed to federal court, Plaintiff has never obtained a summons from the federal court or served the County (also erroneously sued as the Department) with such a summons. [See Docket; Schwab Decl. ¶ 2.]

The sufficiency of service of process *prior* to removal from state court is determined under state law. *Lee v. City of Beaumont,* 12 F.3d 933, 936-37 (9th Cir. 1993). Accordingly, the Court looks to state law to determine whether Plaintiff has properly served the County. As established below, he has not.

### 2.  Plaintiff Has Never Served the County

Under California law, "a summons may be served on a public entity by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code Civ. Proc. § 416.50(a). The method of delivery thereto is prescribed by the code sections applicable to service of process generally. See Cal. Code Civ. Proc. §§ 415.10-415.50.

The governing body of the County of Santa Clara is the Board of Supervisors, which Board is comprised of five members elected by district. County Charter Art. II § 200. [See Berkman Decl. Exh. C.] Pursuant to the County Charter, the presiding officer of the Board of Supervisors is elected annually from within its members. *Id.* § 205. For example, Supervisor Peter A. McHugh is the current Board Chair. The Office of the Clerk of the Board is located at 70 W. Hedding Street in San Jose and regularly receives service of complaints against the

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          6          C 08-00125 RMW

1    County.  As Plaintiff was repeatedly advised, service of a lawsuit upon the County may properly

2    and simply effected by serving the papers at the Office of the Clerk of the Board.  [Berkman

3    Decl. ¶¶ 2-7.]  However, Plaintiff has never served the County (also erroneously sued as the

4    Department) with this action.  [Schwab Decl. ¶ 2.]

5        **3.  Plaintiff's Arguments Are Without Merit**

6            In his CMC statement, Plaintiff purports to have served the County by leaving a copy of

7    the summons and complaint with the receptionist on the floor where Peter Kutras, Jr., the

8    County Executive, has his offices.  [Docket Item 23 at 4:19-23.]

9            The County, however, cannot be served by attempting service on its County Executive.

10   See Cal. Code. Civ. Proc. § 416.50(a).  As established above, the County must be served by

11   serving the Board of Supervisors, its presiding officer (presently Supervisor McHugh), or most

12   simply and usually, by serving the papers at the Office of the Clerk of the Board, which

13   regularly handles such matters.  *Id.*

14           In contrast, the statute does not provide for serving the County by attempting service on

15   the County Executive.  See *Id.*  The County Executive is but the chief administrative officer of

16   the County, an employee appointed by the County's governing body – its elected Board of

17   Supervisors – and serving at their pleasure.  County Charter Art. 4, §§ 400-401.  [See Berkman

18   Decl. Exh. C.]  Thus, as a matter of law, Peter Kutras, Jr., is neither the "president," "presiding

19   officer" or "head" of the County's governing body.  Rather, he is the Board's administrative

20   employee.  Service cannot be effected by attempting to serve the County Executive.

21           Further, as indicated in Plaintiff's CMC statement [Docket Item 23 at 4:19-23], Plaintiff

22   claims to have merely left a copy of the papers with the receptionist on Mr. Kutras' floor.  Even

23   if serving Mr. Kutras was a proper way to serve the County – which it is not – service upon him

24   cannot properly be effected simply by leaving a copy of the papers with the receptionist on his

25   floor.  See Cal. Code. Civ. Proc. §§ 415.10-415.50.

26           For the same reasons, there is no merit to Plaintiff's argument that the County was

27   served by Vartanian's voluntary acceptance of service of the suit against himself as an

28   individual.  The County cannot be served by serving Vartanian.  Nor does defense counsel's

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          7                    C 08-00125 RMW

1    execution of a notice of acknowledgment and receipt on behalf of Defendant Vartanian

2    constitute service on the County.

3    **C. PURSUANT TO RULES 4 AND 12(b)(5), THIS ACTION SHOULD BE**
     **DISMISSED BECAUSE PLAINTIFF FAILED TO SERVE THE COUNTY**

4    **(ALSO ERRONEOUSLY SUED AS THE DEPARTMENT) WITHIN 120 DAYS.**

5            Pursuant to Rules 4 and 12(b)(5) of the Federal Rules of Civil Procedure, Plaintiff's

6    action against the County (also erroneously sued as the Department of Family and Children's

7    Services) should be dismissed for failure to timely serve the complaint. F.R.C.P. Rule 4(m) and

8    12(b)(5). *Id.* Plaintiff filed his complaint on October 5, 2007. Rule 12(b)(5) allows dismissal

9    for insufficient service of process. Rule 4 requires that service must be made "within 120 days

10   after filing the complaint" or the case will be dismissed unless "good cause" is shown for the

11   delay. *Id.* Plaintiff filed his complaint on October 5, 2007. The time for Plaintiff to serve his

12   complaint expired in early February 2008 – more than six months ago.

13           The burden is on the plaintiff to show "good cause" for the delay in service. F.R.C.P.

14   Rule 4(m); *Henderson v. United States*, 517 U.S. 654, 662-663 (1996). Inadvertence by

15   Plaintiff does not constitute "good cause" for failure to comply with the 120-day rule. *Wei v.*

16   *Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). Failure to properly read and understand the rules

17   governing service of process is the "antithesis" of good cause: "Ignorance may be an

18   explanation, but it is not an excuse." *Tuke v. United States,* 76 F.3d 155,156 (7th Cir. 1996).

19           Here, Plaintiff cannot show good cause for his failure to serve the County, also

20   erroneously sued as the Department. Plaintiff has been repeatedly advised that he has not yet

21   served the County and how to properly do so. Plaintiff cannot show good cause for failing to

22   effect service within 120 days. Accordingly, Plaintiff's Complaint against the County, also

23   erroneously sued as the Department, should be dismissed for failure to effect timely service.

24   **D. PURSUANT TO RULE 41(b), PLAINTIFF'S ACTION SHOULD BE DISMISSED**
     **WITH PREJUDICE FOR LACK OF PROSECUTION**

25

26           Plaintiff's suit against the County (also erroneously sued as the Department) should be

     dismissed <u>with prejudice</u> for failure to prosecute his action. F.R.C.P. Rule 41(b). Granting
27

28   involuntary dismissal lies within the sound discretion of the court. *Link v. Wabash R.R. Co.,*

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          8          C 08-00125 RMW

1   370 U.S. 626 (1962). The Ninth Circuit has held that failure to prosecute diligently is sufficient

2   by itself to justify a dismissal, *even in the absence* of a showing of actual prejudice to defendant

3   from the failure. *Morris v. Morgan Stanley & Co.* 949 F.2d 648, 651 (9th Cir. 1991)("*Morris*").

4   A "*presumption of prejudice*" arises from Plaintiff's failure to prosecute. *Laurino v. Syringa*

5   *Gen. Hosp.*, 279 F.2d 750, 753 (9th Cir. 2002).

6          In ruling upon a motion for dismissal for failure to prosecute, the district court considers

7   the following factors: the court's need to manage its docket; the public interest in expeditious

8   resolution of litigation; the risk of prejudice to defendants from delay; warnings to the plaintiff;

9   and the availability of lesser sanctions. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th

10  Cir. 1990). The policy favoring disposition on the merits is a weak factor and does not preclude

11  dismissal where the other factors weigh in its favor. *Rio Properties, Inc. v. Rio Int'l Interlink*,

12  284 F.3d 1007,1022 (9th Cir. 2002).

13         Here, the court has already set three case management conferences in which this case

14  was not able to move forward due to Plaintiff's failure to prosecute. The public interest in

15  expeditious resolution of litigation is great, especially given that the County is a public entity.

16         The delay prejudices the County both in terms of the ability to litigate a fresh case and

17  the ability to appropriately plan and budget the County's resources. The length of Plaintiff's

18  delay is a crucial factor in considering a Rule 41(b) motion to dismiss. See *Link v. Wabash,*

19  *R.R. Co.* 370 U.S. 626, 634-635 (1962). Here, Plaintiff's complaint was filed on October 5,

20  2007. Under California law, Plaintiff was required to serve his complaint within sixty days.

21  Cal. Rules of Court. Rule 3.110(b). He did not. Under federal law, Plaintiff was required to

22  serve his complaint within 120 days. F.R.C.P. Rule 4(m). He did not. Already, more than ten

23  months have passed since Plaintiff filed his complaint. By the time this motion is heard, almost

24  one year will have passed since Plaintiff filed his complaint.

25         There is no warning requirement when a dismissal follows a noticed motion. *Morris,*

26  *supra,* 949 F.2d 648. Nevertheless, Plaintiff has been adequately warned. During the July 2008

27  CMC, the Court instructed Defendants to file a motion to dismiss and set a hearing date almost

28  three months out for that noticed motion.

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          9          C 08-00125 RMW

1    Where the matter is in doubt, the decision to dismiss may be "bolstered" by

2    "aggravating factors." *Sturgeon v. Airborne Freight Corp., supra,* 778 F.2d 1154,1159 (5th Cir.

3    1985).  Such factors may include that plaintiff personally (rather than his lawyer) was

4    responsible for the delay; actual prejudice to the defendant; or that intentional or contumacious

5    conduct by plaintiff caused the delay.  *Id.*  The presence of *any* one of these factors supports

6    dismissal with prejudice.  *Price v. McGlathery,* 792 F.2d 472, 475 (5th Cir. 1986).

7    Here, it was Plaintiff himself – a tax attorney appearing in *pro per* – who caused the

8    delay.  Further, that delay was intentional.  Plaintiff was advised in early January 2008, and

9    repeatedly since that time, that the Department is not capable of being sued and therefore is not

10    a proper defendant; that the County has never been properly served; and that the County could

11    be served by serving the Clerk of the Board, after which defense counsel would respond on

12    behalf of "the County (also erroneously sued as the Department of Child Support Services)."

13    Nevertheless, Plaintiff chose not to serve the County.  Willful delay in serving a complaint is

14    considered a particularly serious failure to prosecute, because such delay is likely to prejudice

15    defense preparations.  *Anderson v. Air West, Inc.*  542 F.2d 522, 525 (9th Cir. 1976).

## IV. CONCLUSION

17    For the reasons set forth above, this action should be dismissed with prejudice for failure

18    to prosecute pursuant to Rule 41(b).  In the alternative, it should be dismissed pursuant to Rules

19    4(m) and 12(b)(5) for failure to serve the Complaint within 120 days.

20    Dated: August 20, 2008                    Respectfully submitted,

21                                              ANN MILLER RAVEL
                                               County Counsel

22                                    By:    _____/S/_____
23                                             MARCY L. BERKMAN
                                               Deputy County Counsel

24
25                                             Attorneys for Defendants
                                               JOHN G. VARTANIAN, III, MARY MURPHY
                                               and the COUNTY OF SANTA CLARA (also
26                                             erroneously sued the Santa Clara County
                                               Department of Child Support Services)

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          10          C 08-00125 RMW

## DECLARATION OF SHARYN SCHWAB

I, SHARYN SCHWAB, declare as follows:

1.  I am the Records Manager - Clerk of the Board for the County of Santa Clara.  The facts set forth below are true of my own personal knowledge and, if called upon to do so, I could and would testify competently thereto.

2.  On the afternoon of August 14, 2008, I checked both the files and the databases of cases that have been served upon the County of Santa Clara (the "County") to confirm whether or not Plaintiff Clifford Govaerts has ever served his lawsuit on the County.  My records check confirmed that he has never done so.

I declare, under penalty of perjury under the laws of the State of California and the United States, that the foregoing is true and correct.

Executed this 19th day of August 2008 in Santa Clara County, California.


_____/S/_____
SHARYN SCHWAB


I hereby attest that I have on the file the holograph signature for the signature indicated by a "conformed" signature (/S/) within this e-filed document.


Dated: August 19, 2008          By:    _____/S/_____
                                           MARCY L. BERKMAN

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec                    11                    C 08-00125 RMW

### DECLARATION OF MARCY L. BERKMAN

I, MARCY L. BERKMAN, declare as follows:

1. I am a Deputy County Counsel with the Office of the County Counsel, and am counsel of record in this action. I am a member in good standing of the State Bar, duly admitted to practice before this Court and before all State and Federal Courts in the State of California. The following facts are true of my own personal knowledge, and if called upon to do so, I could and would testify competently thereto.

2. On or about January 7, 2008, with the consent of Defendants John G. Vartanian, III ("Vartanian") and Mary Murphy ("Murphy"), I voluntarily accepted service on behalf of my individual defendant clients, John G. Vartanian, III and Mary Murphy, by preparing and executing notices of acknowledgment and receipt on their behalf. True and correct copies are attached hereto as Exhibit A.

3. On or about January 7, 2008, I telephoned Plaintiff and introduced myself. During that telephone call, I advised Plaintiff that I had executed notices of acknowledgment and receipt for individual Defendants Murphy and Vartanian, thereby accepting service on their behalf. I also advised Plaintiff that the action was being removed to federal court. I further advised Plaintiff that the County had not yet been served, but that I would also be representing the County once the County had been served. I advised Plaintiff that I was not authorized to accept service on behalf of the County, but that he could easily serve the County by serving the Office of the Clerk of the Board of Supervisors. When Plaintiff contended that he had served the county by leaving a copy of the papers for County Executive Peter Kutras, Jr., I advised him that this was not proper service. When Plaintiff contended that he had served the Department of Child Support Services through Vartanian, I reiterated that service had been accepted for Vartanian only as an individual and advised Plaintiff that the Department is not a separate legal entity capable of suing and being sued; however, once Plaintiff had properly served the County, I would be responding on behalf of "the County (also erroneously sued as the County Department of Child Support Services)."

/ / /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          12          C 08-00125 RMW

1    4.   On or about January 8, 2008, on behalf of Defendants Murphy and Vartanian, I

2   removed this action to federal court and filed an answer to the FAC.

3    5.   On or about April 23, 2008, I filed an initial Case Management Conference ("CMC")

4   Statement on behalf of Defendants Vartanian and Murphy. [See Docket Item 12.]  That CMC

5   statement advised that the Department was not a separate entity capable of being sued; that the

6   County had not been properly served; that the County could be served by serving the Clerk of

7   the Board; and that once the County was properly served, I would respond on behalf of the "the

8   County of Santa Clara (also erroneously sued as the Department of Child Support Services").

9   During the May 2008 CMC, I also provided this information verbally.  Plaintiff indicated to the

10   court that he disagreed and planned to try to take the default the County and Department.

11    6.   On May 30, 2008, I filed a CMC Statement on behalf of Defendants Vartanian and

12   Murphy for the June 2008 CMC. [See Docket Item 16.]  That CMC Statement again provided

13   the same information. The Court *sua sponte* continued that CMC to July 18, 2008. [See Docket

14   Item 19.]

15    7.   On or about July 10 and 11, 2008, I filed a CMC Statement and an Amended CMC

16   Statement on behalf of Defendants Murphy and Vartanian. [See Docket Items 21-22.] Those

17   CMC Statements again provided the same information, and that information was yet again

18   provided verbally at the CMC on July 18, 2008.  At that CMC, the Court instructed that a

19   hearing would take place on October 3, 2008 at which time the Court would hear a motion to

20   dismiss to be filed by the Defendants and a default motion to be filed by the Plaintiff. [See

21   Docket Item 24.]

22    8.   Attached hereto as <u>Exhibit B</u> are true and correct copies of the cited portions of the

23   County Ordinance Code.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec          13          C 08-00125 RMW

1       9.  Attached hereto as <u>Exhibit C</u> are true and correct copies of the cited portions of the

2  County Charter.

3       I declare, under penalty of perjury, under the laws of the State of California and the

4  United States, that the foregoing is true and correct.

5       Executed this 20th day of August 2008 in Santa Clara County, California.

6

7                             /S/

                      MARCY L. BERKMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANN MILLER RAVEL
County Counsel
County of Santa Clara
San Jose, California

Defs' Notice and Motion to Dismiss County and
DCSS; Schwab Dec.; Berkman Dec      14      C 08-00125 RMW

**EXHIBIT A**

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| ANN MILLER RAVEL, County Counsel (S.B. #62139)<br>MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915)<br>OFFICE OF THE COUNTY COUNSEL<br>70 West Hedding Street, East Wing, Ninth Floor<br>San Jose, California 95110-1770 | (ENDORSED)<br><br>2008 JAN -8 PM 2:20<br><br>CHIEF EXECUTIVE OFFICER/CLERK<br>SUPERIOR COURT OF CA<br>COUNTY OF SANTA CLARA<br>BY _____ DEPUTY<br>L. QUACH-MARCELLANA |

TELEPHONE NO: (408) 299-5900    FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name): Defendants, John G. Vartanian, III and Mary Murphy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA

STREET ADDRESS: 191 North First Street

MAILING ADDRESS: -same-

CITY AND ZIP CODE: San Jose, California 95113

BRANCH NAME:

PLAINTIFF/PETITIONER: CLIFFORD M. GOVAERTS

DEFENDANT/RESPONDENT: SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>1-07-CV-095874 |
|---|---|

) (insert name of party being served): MARY MURPHY

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: January 8, 2008

Alexandra K. Weight                    ▶ _[signature]_
(TYPE OR PRINT NAME)                      (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):
1.  [X]  A copy of the summons and of the complaint.
2.  [ ]  Other: (specify):

**(To be completed by recipient):**

Date this form is signed: January 7, 2008

MARCY L. BERKMAN, Deputy County Counsel        ▶ _[signature]_
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,      (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

|  | Page 1 of 1 |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**<br>Legal Solutions Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

## PROOF OF SERVICE BY MAIL

*CLIFFORD M. GOVAERTS v. SANTA CLARA COUNTY DEPARTMENT OF CHILD
SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF
SANTA CLARA; MELODY GRANDELL; AND DOES 1-10.*

Case No. 1-07-CV-095874

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years,
employed in Santa Clara County, California, and not a party to the within action or cause; that
my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-
1770. I am readily familiar with the County's business practice for collection and processing
of correspondence for mailing with the United States Postal Service. I served a copy of the
**NOTICE AND ACKNOWLEDGMENT OF RECEIPT–CIVIL / MARY MURPHY** by
placing said copy in an envelope addressed to:

Clifford Govaerts, Esq.
P.O. Box 2294
Cupertino, CA 95015

which envelope was then sealed, with postage fully prepaid thereon, on **January 8, 2008,**
and placed for collection and mailing at my place of business following ordinary business
practices. Said correspondence will be deposited with the United States Postal Service at San
Jose, California, on the above-referenced date in the ordinary course of business; there is
delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct, and that this declaration was executed on **January 8, 2008,** at San
Jose, California.

Alexandra K. Weight

108840.wpd

Proof of Service by Mail                                    1                                    1-07-CV-095874

POS-015

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> ANN MILLER RAVEL, County Counsel (S.B. #62139) <br> MARCY L. BERKMAN, Deputy County Counsel (S.B. #151915) <br> OFFICE OF THE COUNTY COUNSEL <br> 70 West Hedding Street, East Wing, Ninth Floor <br> San Jose, California 95110-1770 <br> TELEPHONE NO.: (408) 299-5900  FAX NO. *(Optional):* <br> E-MAIL ADDRESS *(Optional):* <br> ATTORNEY FOR *(Name):* Defendants, John G. Vartanian, III and Mary Murphy | FOR COURT USE ONLY <br><br> (ENDORSED) <br><br> 2008 JAN -8 PM 2:20 <br><br> CHIEF EX......../CLERK <br> SUPERIOR ..... OF CA <br> COUNTY OF ...... CLARA <br> BY_____ DEPUTY <br><br> L. QUACH-MARCELLANA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
 STREET ADDRESS: 191 North First Street
 MAILING ADDRESS: -same-
 CITY AND ZIP CODE: San Jose, California 95113
 BRANCH NAME:

PLAINTIFF/PETITIONER: CLIFFORD M. GOVAERTS

DEFENDANT/RESPONDENT: SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT
SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA;
MELODY GRANDELL; AND DOES 1-10.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER: <br> 1-07-CV-095874 |

) *(insert name of party being served):* <u>JOHN G. VARTANIAN, III</u>

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: JANUARY 8, 2008

<u>ALEXANDRA K. WEIGHT</u>                ▶ *(signature)*
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [ ] Other: *(specify):*

*(To be completed by recipient):*
Date this form is signed: JANUARY 7, 2008

<u>MARCY L. BERKMAN, Deputy County Counsel</u>        ▶ *(signature)*
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,        (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)        ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

(ENDORSED)

**PROOF OF SERVICE BY MAIL**

2008 JAN -8 PM 2:20

CHIEF EXE... ...CLERK
SUPERIO... OF CA
...COUNT... CLARA
...UTY

*CLIFFORD M. GOVAERTS v. SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES; MARY MURPHY, ATTY; JOHN G. VARTANIAN, III, COUNTY OF SANTA CLARA; MELODY GRANDELL; AND DOES 1-10.*

Case No. 1-07-CV-095874

L. QUACH-MARCELLANA

I, Alexandra K. Weight, say:

I am now and at all times herein mentioned have been over the age of eighteen years, employed in Santa Clara County, California, and not a party to the within action or cause; that my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110-1770. I am readily familiar with the County's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I served a copy of the **NOTICE AND ACKNOWLEDGMENT OF RECEIPT–CIVIL / JOHN G. VARTANIAN** by placing said copy in an envelope addressed to:

Clifford Govaerts, Esq.
P.O. Box 2294
Cupertino, CA 95015

which envelope was then sealed, with postage fully prepaid thereon, on **January 8, 2008**, and placed for collection and mailing at my place of business following ordinary business practices. Said correspondence will be deposited with the United States Postal Service at San Jose, California, on the above-referenced date in the ordinary course of business; there is delivery Service by United States mail at the place so addressed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on **January 8, 2008**, at San Jose, California.

Alexandra K. Weight

108840.wpd

Proof of Service by Mail                    1                    1-07-CV-095874

**EXHIBIT B**



**HOME | A-Z SERVICE**

**County Connection | Handling Emergencies | Livi**

Copyrighted by SANTA CLARA COUNTY CODE & Municipal Code Corporation, 1998.

Previous heading / Next heading / Table of Contents

---

### Sec. A22-1. Department established.

Effective July 1, 2002, there is hereby created in the County a Department of Child Support Services, hereinafter referred to as the Department. The Department shall be separate and independent from any other County department. (Ref. Family Code § 17304 et seq.)

(Ord. No. NS-300.660, § 1, 2-5-02)

---

County Policy | **Privacy Policy** | Accessibility | Site Map
All Content Copyright ©2007, The County



## County Connection | Handling Emergencies | Livi

Copyrighted by SANTA CLARA COUNTY CODE & Municipal Code Corporation, 1998.

Previous heading / Next heading / Table of Contents

_____

### Sec. A22-5. Duties and responsibilities.

The Department shall be responsible for establishing, modifying, and enforcing child support obligations, enforcement of spousal support orders established by a court of competent jurisdiction, and paternity determinations in cases of a child born out of wedlock, and for carrying out any other responsibilities delegated to a local child support agency under state and federal law. No other County department or County agency shall have any authority over the Department as to any function relating to its obligation under Title IV-D of the Federal Social Security Act. (Ref. Family Code §§ 17000 et seq., 17400.)

(Ord. No. NS-300.660, § 1, 2-5-02)

_____

County Policy | **Privacy Policy** | Accessibility | Site Map
All Content Copyright ©2007, The County

**EXHIBIT C**

Case 5:08-cv-00125-RMW    Document 26    Filed 08/20/2008    Page 28 of 31



**HOME | A-Z SERVICE$**

## County Connection | Handling Emergencies | Livi

Copyrighted by SANTA CLARA COUNTY CODE & Municipal Code Corporation, 1998.

Previous heading / Next heading / Table of Contents

---

## ARTICLE II.
## BOARD OF SUPERVISORS

Section 200. The governing body of the county is a board of supervisors of five members elected by district. Districts are apportioned pursuant to general law.

Section 201. A candidate for election or appointment as supervisor shall be an elector in the district and shall have resided in the district prior to appointment or nomination for election for the period of time fixed by law.

Section 202.[1] The term of office of supervisor is four years. The term of office commences at noon on the first Monday in January.

------------

[1]Section 202: Amended and ratified by the Voters June 2, 1992; June 2, 1998; November 3, 1998.

------------

ordinance and shall be based upon the time required for the proper performance of their public duties and commensurate with their responsibilities.

Section 205. The Board of Supervisors, annually at the first meeting following the first Monday in January, shall elect a presiding officer and a presiding officer pro tem. The presiding officer shall preside at all meetings. In the absence or inability to act of the presiding officer, the presiding officer pro tem shall act with all the authority of the presiding officer.

Three members of the board shall constitute a quorum for the transaction of business. No act of the board shall be valid unless three members concur.

Section 206.[3] The Board of Supervisors shall, at their first meeting of each calendar year, adopt a schedule of meetings sufficient to conduct the business of the County and shall provide by ordinance or resolution for the manner and time of holding all regular and special meetings.

------------

[3]Section 206: Amended and ratified by the Voters June 2, 1998.

------------

Section 207. No supervisor, during the term of office or for one year thereafter, shall be eligible for appointment to any county office, position or employment carrying compensation, exclusive of traveling and other authorized expenses.

Section 208.[4] Nothing in this Charter shall preclude the Board of Supervisors from authorizing an instant run-off voting system for the November general election, which eliminates



HOME | A-Z SERVICES

## County Connection | Handling Emergencies | Livi

Copyrighted by SANTA CLARA COUNTY CODE & Municipal Code Corporation, 1998.

Previous heading / Next heading / Table of Contents

---

### ARTICLE IV.
### COUNTY EXECUTIVE

Section 400. The County Executive is the chief administrative officer of the county. The County Executive is appointed by the Board of Supervisors and shall be chosen on the basis of executive and administrative qualifications and experience. The County Executive shall not engage in any other business or occupation. The County Executive shall receive a salary commensurate with the responsibilities as chief administrative officer of the county to be fixed by ordinance.

Section 401. The County Executive serves at the pleasure of the Board of Supervisors. In the event of the removal of the County Executive from office, upon request, the Board of Supervisors shall provide the County Executive with a written statement specifying the reasons for such action within three days after receipt of such request.

Section 402. When a vacancy occurs in the office of County Executive, the Board of Supervisors shall immediately appoint a county officer or employee to serve as Acting County

1    UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4    **PROOF OF SERVICE BY MAIL**

5    *Govaerts v. County, et al.*                                No. C 08-00125 RMW

6

7          I, Anna Marie B. Espiritu, say:

8          I am now and at all times herein mentioned have been over the age of eighteen years,
       employed in Santa Clara County, California, and not a party to the within action or cause; that
9     my business address is 70 West Hedding, East Wing, 9th Floor, San Jose, California 95110.  I
       am readily familiar with the County's business practice for collection and processing of
10    correspondence for mailing with the United States Postal Service.  I served a copy of the
       **NOTICE OF MOTION AND MOTION TO DISMISS COUNTY OF SANTA CLARA**
11    **AND DEPARTMENT OF CHILD SUPPORT SERVICES; SCHWAB DECLARATION;**
       **BERKMAN DECLARATION [F.R.C.P. Rules 4(m), 12(b)(5), 41(b)],** by placing said copy
12    in an envelope addressed to:

13         Clifford Govaerts               Melody Grandell
            P.O. Box 2294                  10338 Scenic Boulevard
14         Cupertino, CA  95015           Cupertino, CA  95014

15    which envelope was then sealed, with postage fully prepaid thereon, on **August 20, 2008,**
       and placed for collection and mailing at my place of business following ordinary business
16    practices.  Said correspondence will be deposited with the United States Postal Service at San
       Jose, California, on the above-referenced date in the ordinary course of business; there is
17    delivery Service by United States mail at the place so addressed.

18         I declare under penalty of perjury under the laws of the State of California that the
       foregoing is true and correct, and that this declaration was executed on **August 20, 2008,** at San
19    Jose, California.

20

21                                              _____
                                                Anna Marie B. Espiritu
22

23    134213.wpd

24

25

26

27

28