E-FILED on:    **03/31/09**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLIFFORD M. GOVAERTS,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, *et al.*,<br><br>    Defendants. | No. C-08-00125 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS<br><br>**[Re Docket No. 26]** |

    Defendant County of Santa Clara moves to dismiss Plaintiff Clifford Govaerts' complaint for failure to serve the complaint on the County and for want of prosecution. Mr. Govaerts filed a late opposition to the motion. The court has read the moving papers and considered the arguments of counsel. For the following reasons, the court grants the County's motion to dismiss the Department as a separate defendant. The court denies the County's motion in all other respects. Mr. Govaerts shall have 30 days to serve the County.

## I. BACKGROUND

    Mr. Govaerts is a tax attorney and member of the California bar. He sued the County, the County's Department of Child Support Services, the county employee defendants, and his ex-wife on October 5, 2007. *See* Docket No. 1, Ex. A. When Mr. Govaerts alleged a federal claim in his

amended complaint, two county employee defendants waived service of process and removed the case to federal court. Docket No. 1 (Jan. 8, 2008).

On December 4, 2007, that is, prior to removal of this action to federal court, Mr. Govaerts's adult son Michael Govaerts attempted to serve Peter Kutras, Jr., the County Executive of Santa Clara County. Govaerts Decl., Exs. H & I. Michael went to Mr. Kutras' office at 70 W. Hedding Street and spoke with Mr. Kutras' "clerk/receptionist," who refused to give her name or accept the papers. *Id.*, Ex. I. Michael then left the papers on the counter. *Id.*

Over the course of 2008, the court has held two case management conferences. *See* Civil Minutes, Docket Nos. 14 & 24 (May 2, 2008 & Jul. 18, 2008). At the May case management conference, the County informed Mr. Govaerts that it had not been properly served. Docket No. 14. At the July case management conference, the County reiterated that it had not been served and advised Mr. Govaerts of a process for serving the County. Docket No. 24.[1]

## II.  ANALYSIS

The County's motion to dismiss advances three arguments. First, the county argues that the complaint against the Santa Clara County Department of Child Support Services should be dismissed because the department is a subsidiary of the county, not an independent public entity. Second, the County argues that the complaint should be dismissed for failure to serve the County. Finally, the County moves to dismiss the complaint for failure to prosecute.

**A.   The Department's Status in Relation to the County**

California defines a "public entity" as "the State, the Regents of the University of California, a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal. Gov. Code § 811.2. Any "public entity" may sue and be sued. Cal. Gov. Code § 945. But a "subsidiary" of a public entity is not distinct from its parent; it cannot be sued independently, though a parent entity may be held liable for a subsidiary's conduct. *Bauer v. Ventura County*, 45 Cal. 2d 276, 288-89 (1955) (holding that a storm drain maintenance district was

---

[1] Mr. Govaerts believed that he had properly served the County and that he would move for default based on the County's failure to answer. The court ordered Mr. Govaerts to file any such motion so it could be heard on October 3, 2008. Docket No. 24. Mr. Govaerts failed to file his motion.

ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS
No. C-08-00125 RMW
TSF                                                2

not a proper defendant); *see generally* 1 Cal. Gov. Tort Liability Prac. § 3.5 (4th ed. 2008). The County contends that the Department is merely a subsidiary of the County and not a "public entity" that can be sued independently. Mr. Govaerts disagrees and contends that the Department is an independent "public entity."

### 1. The Statutory Creation of County Departments of Child Support Services

The Department resulted from California's overhaul of its system for collecting child support around 2000. Federal law now "requires that there be a single state agency for child support enforcement." Cal. Fam. Code § 17303(a) (citing 42 U.S.C. §§ 651 *et seq.*). At the time, California has an "extremely complex" child support enforcement system "involving numerous state and local agencies" that was "divided between the State Department of Social Services, the Attorney General's office, the Franchise Tax Board, the Employment Development Department, the Department of Motor Vehicles, and the 58 county district attorneys' offices." *Id.* California blamed "[t]he lack of coordination and integration between state and local child support agencies" for lackluster enforcement of child support obligations. *Id.* § 17303(b). The legislature thus found California "would benefit by centralizing its obligation to hold counties responsible for collecting support" and that "[o]versight would be best accomplished by direct management by the state." *Id.* § 17303(c). The legislature also found that "[a] single state agency for child support enforcement with strong leadership and direct accountability for local child support agencies will benefit the taxpayers of the state by reducing the inefficiencies introduced by involving multiple layers of government in child support enforcement operations." *Id.* § 17303(d). Pursuant to these findings, California required each county to "establish a new county department of child support services" or "local child support agency." *Id.* § 17304; *see also id.* § 17000(h) (defining "local child support agency" as "the new county department of child support services created pursuant to this chapter and with which the department has entered into a cooperative agreement"). This department is "separate and independent from any other county department." *Id.* § 17304.

The local child support agencies answer to the state's director, who is "responsible for implementing and administering all aspects of the state plan that direct the functions to be performed

ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS
No. C-08-00125 RMW
TSF                                                                     3

by the local child support agencies relating to their [federal] operations." *Id.* The director enters into "cooperative agreements" with the state's counties to carry out the state's federal obligations. *Id.* § 17304(a) (citing 42 U.S.C. § 654). The director has "direct oversight and supervision of the [federally mandated] operations of the local child support agency, and no other local or state agency shall have any authority over the local child support agency as to any function relating to its [federally mandated] operations." *Id.* § 17304(b). However, the county's board of supervisors (or mayor) selects the "administrator of the local child support agency" and the administrator is a county employee. *Id.* § 17304(f). "The administrator may hire staff, including attorneys, to fulfill [its functions]," and these staff members are also "employees of the county." *Id.*

## 2. The Department's Ability to Conduct Litigation

These departments or local agencies possess a range of powers. The local child support agencies are responsible for "promptly and effectively establishing, modifying, and enforcing child support obligations, including medical support, enforcing spousal support orders established by a court of competent jurisdiction, and determining paternity in the case of a child born out of wedlock." *Id.* § 17400(a). To enable a local child support agency to accomplish these tasks, "attorneys employed within the local child support agency may direct, control, and prosecute civil actions and proceedings *in the name of the county* in support of child support activities of the Department of Child Support Services and the local child support agency." *Id.* § 17400(b) (emphasis added).

This language suggests that a local child support agency litigates in the name of the county it serves. Other language refers to "actions brought by the local child support agency." *Id.* § 17400(c); *See* §§ 17400(e), 17400(k), and 17400(o). Although such language uses the term "local agency" as opposed to the county itself, it seems clear that "local agency" in the context of the applicable statutes refers to a department of the county.

Existing practice suggests that the local child support agencies may litigate in their own names. *See, e.g,. Orange County Dept. of Child Support Services v. Superior Court*, 129 Cal. App. 4th 798, 801 (2005) ("The Department filed an order to show cause . . ."). The child-support agencies may be served by parents seeking to modify child support orders. Cal. Fam. Code §

ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS
No. C-08-00125 RMW
TSF                                                                                       4

17404(f)(1). Indeed, the Judicial Council of California has created a form for providing notice to the local support agency of a parent's intent to bring enforcement proceedings. FL-645. None of these provisions, however, suggest that the local agency is other than a subdivision of the county.

### 3. The Department's Funding

The "local child support agency" is also unusual financially. Though mandated by the state, the local child support agency's staff are county employees. Cal. Fam. Code § 17304(f). It appears that this requires the county to fund the local child support agency, as reflected by San Diego County and Orange County's litigation against the state to obtain payment from the state Department of Child Support Services for budget shortfalls. *County of San Diego v. State*, 164 Cal. App. 4th 580, 599-600 (2008). It does not appear that a local child support agency, including this Department, can levy taxes or incur indebtedness. Instead, the Department relies on its funding from the County.

### 4. Analysis

A legislative finding or clear purpose in the legislation creating the purportedly independent public entity can be dispositive. *Bauer*, 45 Cal. 2d at 288. The Department was created by the County to obey a state mandate. The Department is overseen by the state Department of Child Support Services, though the Department's administrator is chosen by the County, is a County employee, and employs staff that are County employees.

Some factors considered by the California Supreme Court as relevant include "the power to sue and be sued, to take title to real and personal property, to incur indebtedness and issue bonds, to levy taxes, to make contracts and to employ labor." *See id.* The record here suggests that the Department can sue in its own name to carry out its federally mandated child support duties. It employs staff, but those staff are county employees. There is no indication that the Department can incur indebtedness, issue bonds, or levy taxes. Also, it seems relevant that the County claims that the Department is its subsidiary, whereas were the Department a subsidiary of the state Department of Child Support Services, it would enjoy sovereign immunity. *Cf. Hernandez v. County of San Bernardino*, 117 Cal. App. 4th 1055 (2004) (reversing judgment on the pleadings and remanding for

fact-finding when the county's Family Support Division of the District Attorney's Office claimed it was a state entity entitled to sovereign immunity, not a municipal entity).

Based on the foregoing, it appears that the Santa Clara Department of Child Support Services is a subsidiary of the County. It is not an independent public entity and not a state entity. Accordingly, the court grants the County's motion to dismiss the Department from this action.

### B.    Mr. Govaerts' Efforts at Service

Because Mr. Govaerts' attempt at service occurred prior to the removal of this action to federal court, California law regarding service of process applies. Fed. R. Civ. P. 81(c)(1); *Lee v. City of Beaumont*, 12 F.3d 933, 936-37 (9th Cir. 1993), *overruled on other grounds*, *Cal. Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). A public entity may be served "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. Proc. Code § 416.50. Personal service on such a person is not required. A person may also be served by leaving a copy of the summons and complaint "with the person who is apparently in charge" of the person's office during "usual office hours." *Id.* § 415.20(a). This method of service *must* be followed by "mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." *Id.*

The County contends that Mr. Kutras, the County Executive, is not a proper recipient of service on behalf of the County pursuant to section 416.50. Specifically, the County argues that Mr. Kutras is not an "other head of its governing body" because the County's governing body is its board of supervisors, not its county executive. Impliedly, the County argues that the "governing body" limitation applies also to "clerk," "secretary," "president," and "presiding officer." This is one interpretation of section 416.50, and though it overlooks the California Supreme Court's command to interpret its statues governing service of process liberally "to eliminate unnecessary, time-consuming, and costly disputes over legal technicalities, without prejudicing the right of defendants to proper notice of court proceedings," *Pasadena Medi-Center Associates v. Superior Court*, 9 Cal. 3d 773, 778-79 (1973), it is the most sensible reading of the statute. The reason is that a clerk, secretary, or president must be the clerk, secretary or president of an entity. Here, the statute

ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS
No. C-08-00125 RMW
TSF                                                    6

1 limits its reach to the clerk, secretary, or president of the public entity's "governing body." While
2 Mr. Kutras is a very high-ranking employee of the County, he is not a head of its "governing body."[2]

3 Even if this statutory construction is incorrect, Mr. Govaerts failed to properly serve the
4 County because he did not follow-up his personal service on Mr. Kutras' receptionist with a mailed
5 copy of the summons and complaint. *See* Govaerts Decl., Exs. H & I. Under section 415.20(a), Mr.
6 Govaerts' method of service – dropping papers on the receptionist's counter – could be effective, but
7 only with the statutorily mandated follow-up.

8 Because Mr. Govaerts has failed to properly serve the County, he has not served the County
9 within 120 days of filing his suit. Fed. R. Civ. P. 4(m). Mr. Govaerts has tried to serve the County,
10 however, and thus demonstrated good cause for his failure to effect service. Accordingly, the court
11 must extend the time for service. This case has already languished for nearly a year, and with the
12 benefit of this order, Mr. Govaerts should be in a position to perfect his service on the County
13 pursuant to Federal Rule of Civil Procedure 4(j)(2). Accordingly, the court extends the deadline for
14 service 30 days from the date of this order.

15 **C.    Dismissal for Want of Prosecution**

16 Finally, the County moves to dismiss with prejudice based on Mr. Govaerts' failure to
17 prosecute his case. *See* Fed. R. Civ. P. 41(b). The County's argument rests on Mr. Govaerts' failure
18 to serve the County, and implicitly on the fact that Mr. Govaerts is an attorney and should have been
19 able to do so diligently.

20 Dismissal with prejudice under Rule 41(b) is a harsh sanction reserved for "extreme
21 circumstances." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996). While
22 appropriately imposed for failure to respond to an order to show cause, courts hesitate to dismiss for
23 want of prosecution under Rule 41(b) without warning. Indeed, the Second Circuit held that a trial
24 court did *not* abuse its discretion when it declined to dismiss a case for want of prosecution where

---

[2]   In this respect, California law differs from federal law, which permits service on a local government entity by serving a copy of the summons and complaint on the entity's "chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Mr. Govaerts failed to personally serve Mr. Kutras though, and federal law does not permit service on a person by leaving the summons at their place of business unless such service is authorized by state law. Fed. R. Civ. P. 4(e)(1)-(2).

ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS
No. C-08-00125 RMW
TSF                                                  7

1  "the action lay dormant for five and a half years." *Gibbs v. Hawaiian Eugenia Corp.*, 966 F.2d 101,
2  109 (2d Cir. 1992). The reluctance to dismiss pursuant to Rule 41(b) without warning is appropriate
3  because the court must weigh "the availability of less drastic sanctions" when determining whether
4  to dismiss for failure to prosecute. *Dahl*, 84 F.3d at 366. Because the court has yet to explore any
5  "less drastic" measures for shepherding this case along, the court denies the County's motion to
6  dismiss pursuant to Rule 41(b) as premature.

7  The court has, however, imposed a 30-day deadline for Mr. Govaerts to perfect service of
8  process on the County. If he fails to adequately serve the County within 30 days, dismissal under
9  Rule 41(b) may become an appropriate sanction.

### III. ORDER

11  For the foregoing reasons, the court grants the County's motion to dismiss the Department as
12  a separate defendant. The court denies the County's motion in all other respects. Mr. Govaerts shall
13  have 30 days to serve the County.

15  DATED:     03/31/09                              *Ronald M Whyte*
16                                                  RONALD M. WHYTE
                                                    United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

Marcy Beckman             marcy.berkman@cco.sccgov.org

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Notice of this document has been mailed to:**

**Plaintiff**

Clifford M Govaerts
POB 2294
Cupertino, CA 95015

**Dated:**    03/31/09                              TSF
                                         **Chambers of Judge Whyte**

ORDER GRANTING IN PART AND DENYING IN PART THE COUNTY'S MOTION TO DISMISS
No. C-08-00125 RMW
TSF                                           9